**William KUZMA, Appellant,**

v.

**BESSEMER & LAKE ERIE RAILROAD.**

**No. 12602.**

United States Court of Appeals Third Circuit.

Argued Oct. 6, 1958.

Decided Oct. 10, 1958.

James A. Wright, Pittsburgh, Pa. (John Ruffalo, Youngstown, Ohio, on the brief), for appellant.

No appearance for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This appeal seeks relief under Fed. Rules Civ.Proc. rule 60(b), 28 U.S.C.A., from a judgment of dismissal with prejudice in the district court for the Western District of Pennsylvania. It seems that the plaintiff has had two suits filed for his alleged cause of action under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq. While suit was pending in Ohio but before plaintiff's present counsel had entered an appearance in the Pennsylvania litigation, the trial judge dismissed the action with prejudice. The reason was the failure to prosecute. This failure, we think, was excusable and entitles the plaintiff to have his complaint restored to the calendar. See Red Warrior Coal & Mining Co., Inc., v. Boron, 3 Cir., 1952, 194 F.2d 578; Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242. The trial judge indicated that he did not wish to preclude the plaintiff from having his day in court in the Ohio case. But a dismissal with prejudice or even a dismissal without qualification under Rule 41(b) operates as an adjudication on the merits by the very words of the rule. And an unfavorable adjudication on the merits in Pennsylvania would, of course, be a complete defense on the grounds of res judicata to the suit pending in Ohio.

If the case is restored to the list in the Western District of Pennsylvania, either it or the Ohio action can be tried as a state of the calendar warrants. Concluding the merits in either court will settle this litigation.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.