**BLD-069**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2407
_____

NATHAN JOSEPH REIGLE,
Appellant

v.

RALPH RIESH, Warden (in his individual capacity); MARY JO CRISTIANO, in her
individual capacity; DR. HYNICK, in his individual capacity; NURSE PATTY; LT JIM
SMINK
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-00052)
District Judge Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2015

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 17, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Nathan Joseph Reigle ("Reigle") appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his civil rights case. As the appeal does not present a substantial question of law, we will summarily affirm the decision of the District Court.

I.

Reigle is a state prisoner housed at SCI-Mahanoy. Reigle was previously incarcerated at the Northumberland County Prison ("NCP") from January 2007 until August 2007, and then again from April 2008 until June 2008. Reigle has alleged that during his first period of incarceration at NCP, he was denied dental treatment and treatment for Methicillin-resistant Staphylococcus aureus ("MRSA"). He also alleged that he was retaliated against for complaints he made and for obtaining the assistance of an attorney to pursue enforcement of his civil rights.

By his appointed counsel, Reigle filed an amended complaint against defendants Warden Riesh, Doctor Hynick, mental health counselor Mary Jo Cristiano, Nurse Patty, and Lieutenant Smink.[1] He raised deliberate indifference medical claims under the Eighth and Fourteenth Amendments against defendants Riesh, Cristiano, Hynick, and Patty. He also raised a First and Fourteenth Amendment retaliation claim against defendant Riesh.

---

[1] All claims against Smink were dismissed in September 2011.

During discovery, Defendant Hynick filed a motion to compel the production of Reigle's medical records from NCP after Reigle's attorneys were unable to contact Reigle. After Reigle's attorneys were able to contact him, both sides began to take a deposition of Reigle. The deposition was stopped after Reigle stated "he had documents relevant to his claims that he could not access until his release from prison, which [was] scheduled to occur on August 21, 2012." Dkt. # 56, pg. 2, ¶ 11. The District Court granted two enlargements of discovery during this time period.

On October 2, 2012, Reigle's attorneys filed a motion for leave to withdraw as counsel pursuant to Rule of Professional Conduct 1.16(b)(4). They asked to withdraw because of fundamental disagreements about the course of action to pursue in the case. In an August 2013 order, the District Court granted the motion to withdraw and denied Reigle's motion to file a second amended complaint. Defendants filed two motions to compel documents from Reigle, which the District Court granted. Reigle does not appear to have complied with these motions and did not respond to communications from defendants' attorneys.[2] In May 2015, at the request of the defendants, the District Court dismissed the case with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Reigle appeals, and asks for leave to amend his complaint.

---

[2] Reigle appears to have been released from NCP prior to the fire, and left no forwarding address for the District Court, his former attorneys, and counsel for the defendants.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court dismissed the complaint with prejudice under Rule 41(b), which is an adjudication on the merits. See Kuzma v. Bessemer & L.E.R.R., 259 F.2d 456, 457 (3d Cir. 1958). We review dismissals for failure to prosecute under Rule 41(b) for abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Dismissals with prejudice are only appropriate in limited circumstances, and any doubts should be resolved in favor of reaching a decision on the merits. Id.

In determining whether the District Court abused its discretion, we examine six factors which the District Court must have balanced, and whether the record supports those findings. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). We consider "the extent of the party's personal responsibility;" prejudice to the opposing party, caused by "the failure to meet scheduling orders and respond to discovery;" and whether the party has been repeatedly dilatory. Id. We also consider whether the party's conduct was willful or in bad faith; "the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions;" and the merits of the party's claim. Id. A district court should discuss all six factors. See United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003); In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 247 (3d Cir. 2013). Where a district court does not

4

have all the facts needed to conduct a full <u>Poulis</u> analysis, it should not dismiss a plaintiff's case sua sponte.  <u>See</u> <u>Briscoe v. Klaus</u>, 538 F.3d 252, 264 (3d Cir. 2008).

The District Court weighed all six factors and applied the <u>Poulis</u> test correctly. First, the District Court found that Reigle assumed personal responsibility for litigation after withdrawal of his attorneys.  <u>See Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912, 920 (3d Cir. 1992) (applying <u>Poulis</u> in a Rule 55 default judgment case).  The District Court next found that Reigle had prejudiced the defendants by prolonging the litigation in delaying and failing to adequately respond to their discovery requests. Review of the record shows that the defendants waited for Reigle to produce the documents for over two years.  <u>See, e.g.,</u> dkt. # 48, Motion to Compel (dated Oct. 6, 2011); dkt. # 56, Second Unopposed Motion for Enlargement of Time to Complete Discovery (stating that "Plaintiff represented he had documents relevant to his claims that he could not access until his release from prison"); dkt. # 57 (Order granting in part dkt. # 48, dated Aug. 17, 2012).  The District Court next correctly found that Reigle had established a "history of dilatoriness" because of his delays in responding.

Regarding the fourth factor, the District Court stated that "it appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Plaintiff has offered no explanation for his continuing inability to produce the requested documents, despite his repeated statements that he would be able to obtain them."  After examination of the record, we agree with the District Court's conclusions regarding both Reigle's history of dilatoriness and the manner in which he conducted himself.  As noted in the

5

Second Unopposed Motion for Enlargement of Time, Reigle represented that he had relevant documents that he could not produce until his release. It does not appear that he ever produced them. In his "petition to block dismissal and amended complaint" ("Petition"), Reigle stated his documents were destroyed when NCP burned down. However, these same documents had been sought by defendants nearly two years before NCP burned down, and their motion to compel regarding these documents was granted in August 2014. Regarding the fifth factor, the District Court stated that no lesser penalty could be imposed, because there was no way to obtain Reigle's whereabouts after his apparent release. It also noted that monetary sanctions would likely be ineffective where a plaintiff proceeds pro se and in forma pauperis. While the lapse in communication could have been due to the aforementioned fire, at least in part, efforts to contact Reigle before the fire were unsuccessful. Reigle did not file anything in the District Court between March 21, 2014, and June 1, 2015, when he filed his notice of appeal. There is also no indication that Reigle attempted to notify the District Court or the defendants of his release before or after NCP burned down.

The District Court acknowledged that Reigle's remaining claims had survived a motion to dismiss, and that the sixth factor therefore weighed somewhat against dismissal. According to the District Court, however, this factor was "mitigated by the cogent arguments Defendants have made in their motions for summary judgment, and Plaintiff has failed to respond to any of these arguments." Given the District Court's analysis of the record, we agree with this conclusion.

6

In his memorandum in support of his appeal, Reigle claims to introduce new evidence and makes a number of statements not presented to the District Court. Some of Reigle's "new" evidence is already in the record. To the extent that Reigle has presented any new evidence, we may only consider the record as established in the District Court. See Landy v. FDIC, 486 F.2d 139, 150 (3d Cir. 1973); see also Fed. R. App. P. 10(a). Reigle argues in his memorandum, first, that he was not dilatory, but for the reasons discussed above, this argument is unavailing. He also states that he sent a letter to the defendants' attorneys and to the Court with his new address. Reigle argues that if the "attorney and court didn't receive" this letter, it must have been destroyed in the same fire that burned down NCP. As we are bound by the record before us, we cannot pronounce on his speculations.

The only potential issue is that the District Court did not expressly afford Reigle an opportunity to be heard regarding his failure to comply with the court's orders. This Court requires district courts to provide that opportunity before dismissing a case for failure to prosecute sua sponte. See Briscoe, 538 F.3d at 258. However, this case was dismissed upon the request of the defendants, and the District Court balanced the Poulis factors appropriately in rendering its decision only after it had not received anything from Reigle for over a year. The District Court did not abuse its discretion in dismissing the case with prejudice.

For the reasons stated above, we will summarily affirm the District Court's decision. Accordingly, we deny Reigle's request for leave to amend his complaint.