## PRODUCERS RELEASING CORPORATION DE CUBA v. PRC PICTURES, Inc.

### No. 243, Docket 21288.

United States Court of Appeals, Second Circuit.

Argued May 5, 1949.

Decided July 6, 1949.

See also D.C., 8 F.R.D. 254.

Budner & Budner, New York City, for appellant; Sidney S. Bobbe, New York City, of counsel.

Phillips, Nizer, Benjamin & Krim, New York City, for appellee; Walter S. Beck and Seymour Shainswit, New York City, of counsel.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge:

This is an action brought by a Cuban corporation against an Ohio corporation whose principal place of business is in the City of New York. The action is based on contracts relating to the distribution in Cuba of motion pictures produced by the defendant, and the relief sought includes specific performance, reformation and damages. However, the character of the action is immaterial to the issues presented by the appeal. The appeal is from a final judgment dismissing the complaint with prejudice for failure of the plaintiff to obey the interlocutory orders which are also challenged by the appeal.

Pursuant to Rules 26(a) and 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. the defendant served on March 15, 1948 a notice to take the deposition of the plaintiff's president, Mr. Pecchio, on oral examination before a notary public at a stated place in the City of New York on March 29, 1948. The notice also included a demand that he produce books and papers relating to the case.[1] At the time and place set for the examination no one appeared on behalf of the plaintiff. The defendant promptly moved under Rule 37(d) to strike the complaint and dismiss the action. The plaintiff countered with a cross-motion to take Mr. Pecchio's deposition on written interrogatories at his residence in Havana, Cuba. Rule 30(b). The parties are in disagreement as to whether the cross-motion was "seasonably made," as required by the Rule since it was made long after the date set in the defendant's notice for oral examination; but this question need not be decided since Judge Hulbert, instead of granting either the cross-motion or the defendant's motion to strike, made the order of May 24, 1948 directing the plaintiff's president to appear for examination, with the books and records called for, at least one week before June 8, 1948, the date set for trial of the case. The order also provided:

"Failure of plaintiff's officer to appear in New York City for examination as hereinabove directed, will subject plaintiff to a dismissal of the complaint—for which relief defendant shall apply to this court on notice to plaintiff's attorneys."

The plaintiff disregarded this order, and on June 2nd the defendant again moved to strike the complaint and dismiss the action. In opposition to the motion, the plaintiff submitted an affidavit by Mr. Pecchio that he was too ill to travel to the United States—which was supported by the certificate of two Cuban doctors—and that Cuban law forbids taking out of Cuba the books and records of the plaintiff. The defendant put in affidavits that Mr. Pecchio went to his Havana office every day. Judge Hulbert wrote an opinion in which he stated that he could not "resist the conclusion that the plaintiff's defaults have been wilful and the acts of the plaintiff and its agents wilfully evasive," but he again extended the date for the examination. By his order of October 22, 1948 the case was placed at the head of the non-jury calendar for December 6th and the plaintiff was ordered to appear by its president for examination on November 8th and to produce the books and records called for in the defendant's original notice of taking the deposition. The order

---

[1] This portion of the notice reads as follows:

"Request is hereby made to produce at the aforesaid time and place, the aforesaid Mr. Pecchio, and have him bring with him and produce at the time of the hearing, all of the books and records of the plaintiff corporation in its possession or under its control, relating to or bearing upon any issue tendered by the amended complaint and answer, including but not limited to any and all correspondence, memoranda, cables and communication of any nature and character whatsoever between Mr. Pecchio and one Mr. Socas, formerly employed by the defendant in its Foreign Department; the books of account of the plaintiff corporation for the period involved in the amended complaint; and also any and all cancelled checks, bank statements and any and all records of any nature whatsoever—belonging to either the corporation or to Mr. Pecchio individually—bearing upon and relating to payments made to and/or for the account of Mr. Socas during the period referred to in the amended complaint.

"You are invited to attend the taking of the deposition and to cross-examine."

also gave express warning that disobedience would result in dismissal of the complaint "with prejudice and costs." Once more the plaintiff defaulted. On November 10th the defendant made its third motion to strike. The opposing affidavit of the plaintiff's attorney merely reiterated points which Judge Hulbert had already overruled in his October opinion. Without further opinion the court granted the defendant's motion on November 29th, and judgment dismissing the complaint with prejudice was entered December 1st.

■ The appellant contends that the court lacked power to direct it to produce in New York the books and papers located in Cuba upon service of the defendant's notice and without the service of a subpoena duces tecum. Rule 26(b), relating to the scope of the examination, says that it may include "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." It may be that this should be interpreted to mean that the party calling for the deposition must first find out from the person being examined what documentary evidence is relevant, and who has custody of it, and must then obtain its production by subpoena under Rule 45.[2] On the other hand, it seems very reasonable to suppose that a court has inherent power to compel a party to produce, without the issuance of a subpoena, documentary evidence within his control and known to be relevant. However, at the present time we need not choose between these conflicting views for two reasons: First, despite the terms of the order of October 22nd, Judge Hulbert's opinion of October 8th made it clear that the objection to producing the books could be raised again when the president appeared for examination;[3] second, if it be assumed arguendo that so much of the order as referred to the production of documentary evidence was erroneous, this would not invalidate the direction to produce the president for examination, and, if that direction can stand, the plaintiff's disobedience of it will justify striking the complaint and dismissing the action. Rules 37(d) and 41(b); Collins v. Wayland, 9 Cir., 139 F.2d 677, certiorari denied 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576; Peitzman v. City of Illmo, 8 Cir., 141 F.2d 956, 961, certiorari denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577.

■ The appellant contends that it was an abuse of discretion to require Mr. Pecchio to come to New York for examination. The argument stresses the recent amendment of Rule 45(d) which inserted the word "convenient" so that the final phrase now reads "or at such other convenient place as is fixed by an order of court." But what constitutes a "convenient place" is not determinable solely by the convenience of the witness. We see no abuse of discretion in requiring the examination to be held here unless it was shown that the journey would endanger Mr. Pecchio's health. This was asserted in an affidavit dated June 14th and used in opposition to the second motion to strike, and it was supported by the certificate of two Cuban doctors to the effect that he "suffers from Aortic dilatation with Miocardic insufficiency, which requires a life of rest and makes trips specifically counterindicated." Judge Hulbert made no express finding on this subject but his opinion indicates skepticism as to the good faith of this excuse. It appears to have been an after-thought. On the first motion to strike, the plaintiff's attorney had asserted that Mr. Pecchio is unable to travel "because he is a very elderly gentleman"; his age in fact was 65. In another affidavit, verified two weeks later, on May 4th, counsel stated that he had received further

---

[2] See Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451; "Moreover, since petitioner was also foreclosed from securing them through an order under Rule 34, his only recourse was to take Fortenbaugh's deposition under Rule 26 and to attempt to force Fortenbaugh to produce the materials by use of a subpoena duces tecum in accordance with Rule 45."

[3] The opinion states: "If there is any merit to the plaintiff's contention that the removal of its books from the Republic of Cuba is proscribed by the laws of Cuba, this matter can be taken up at the commencement of the examination."

word from Cuba "to the effect that Mr. Pecchio's wife is critically ill, and that he cannot leave her for the purpose of his examination in New York, even if he were physically able to travel." The belated showing as to the ill-health of Mr. Pecchio himself after two defaults—disregard of the notice of March 15 and disobedience of the order of May 24—without any attempt to make such a showing prior to either of these defaults, justified, in our opinion, Judge Hulbert's skepticism as to the excuse of illness and would support an order of dismissal based on the two prior defaults. But we think the court was too severe in dismissing the action "with prejudice," in view of the Cuban doctors' certificate. This was a dismissal upon the merits. Rule 41(b). Despite Mr. Pecchio's ability to go daily to his office, there was no contradiction of the doctors' statement that travel is "specifically counterindicated." Accordingly the judgment is modified to provide for dismissal but not for dismissal upon the merits. As so modified it is affirmed.