**COLONIAL DRIVE-IN THEATRE, Inc.,**
Plaintiff,

v.

**WARNER BROS. PICTURES, Inc., et al.,**
Defendants.

**HARMAR DRIVE-IN THEATRE, Inc.,**
Plaintiff,

v.

**WARNER BROS. PICTURES, Inc., et al.,**
Defendants.

United States District Court
S. D. New York.

Feb. 12, 1958.

Arnold Malkan, New York City, for plaintiffs.

Royall, Koegel, Harris & Caskey, New York City, for defendant Twentieth Cen-

tury-Fox Film Corp. John F. Caskey, Herbert C. Earnshaw, New York City, of counsel.

DAWSON, District Judge.

This is a motion by the defendants which seeks, in the alternative, an order (1) adjudging the plaintiffs to be in contempt of this Court for failure to comply with orders of the Court requiring plaintiffs to file certain papers in sealed envelopes, or (2) dismissing the actions pursuant to Rule 41(b) of the Rules of Civil Procedure, 28 U.S.C.A. for failure to prosecute the actions and failure to comply with certain orders heretofore made in the actions. Defendants also seek an allowance of costs in the sum of $572.53.

These actions were instituted on June 30, 1955. Thereafter the Court, on motions made by the defendants, found that Arnold Malkan, who had appeared as attorney for the plaintiffs, was disqualified from representing the plaintiffs. Harmar Drive-In Theatre, Inc., v. Warner Bros. Pictures, Inc., 2 Cir., 1956, 239 F.2d 555, rehearing denied, 2 Cir., 241 F.2d 937, certiorari denied 1957, 355 U.S. 824, 78 S.Ct. 31, 2 L.Ed.2d 38. Since that time plaintiffs have not substituted other counsel to represent them, so we have a situation where plaintiffs have instituted actions pending in this Court but where their counsel has been declared disqualified and they have shown so little interest in the actions that they have not selected any new counsel to appear for them or taken any steps to prosecute the actions. If a person were cynical he might be tempted to wonder, under the circumstances, whether the real parties in the actions had been the plaintiffs or Mr. Malkan, the disqualified lawyer, and his associates.

Plaintiffs have shown so little interest in the actions that although the motion papers on the instant motions were served upon the plaintiff corporations directly, by registered mail, on January 30, 1958, nobody appeared on their behalf to oppose the motions.

Not only did the plaintiffs apparently lose interest in prosecuting the actions when Mr. Malkan was disqualified; they have also failed to comply with the following orders of the Court:

(1) Orders of Judge Sugarman, dated April 25, 1957, directing the plaintiffs and Mr. Malkan to file with the Court, in a sealed envelope, all copies of depositions conducted by Mr. Malkan, or attorneys associated with him; all answers by any defendants to interrogatories propounded by Mr. Malkan or any attorney associated with him, and all documents and photostats heretofore furnished by any defendant to Arnold Malkan or any attorney associated with him;

(2) Order of Judge Dimock, dated July 25, 1956, requiring plaintiffs to pay reasonable expenses of witnesses to be brought to New York on depositions noticed by the plaintiffs;

(3) Orders of Judge Ryan, dated October 15, 1956, requiring plaintiffs to answer certain interrogatories.

■ The undisputed facts show that plaintiffs have failed to prosecute these actions with due diligence and have failed to comply with orders of the Court. Under such circumstances the Court may dismiss the actions under Rule 41(b).

■ Dismissal under Rule 41(b) would be a determination with prejudice. It is, of course, undesirable to have a determination barring the plaintiffs from any right of recovery in a suit of this nature if there is any possibility that the delay in complying with the orders has been the fault of the attorneys rather than of the plaintiffs. For that reason the Court makes the following order:

Ordered, adjudged and decreed that unless the plaintiffs, on or before thirty (30) days from the date of this order, comply with the orders of Judge Sugarman dated April 25, 1957, the order of Judge Dimock dated July 25, 1956, and the orders of Judge Ryan dated October 15, 1956, and unless within the same period plaintiffs secure substitution of

counsel to represent them in these actions the actions will be dismissed for lack of prosecution, with costs to the defendants against the respective plaintiffs. Upon the expiration of the thirty (30) days, if plaintiffs have not complied with this order, upon proof to this effect, defendants may submit *ex parte* orders of dismissal.

Under the circumstances it becomes unnecessary to hold the plaintiffs in contempt. The amount of costs can be determined on settlement of the decree.