274 F.2d 815
 Frederic E. LYFORD and William C. Eberle, doing business under the firm name and style of Lyford & Eberle, Plaintiffs-Appellants,
v.
A. F. CARTER, Commonwealth Oil Refining Company, Inc., Jose Guillermo Vivas and Lucas P. Valdivieso, Defendants-Appellees.
 No. 156.
 Docket 25860.
 United States Court of Appeals Second Circuit.
 Argued January 14, 1960.
 Decided January 27, 1960.
 
 Enrico S. Sanfilippo, New York City, for plaintiffs-appellants.
 Stephen Rackow Kaye, of Sullivan & Cromwell, New York City, for defendant-appellee Commonwealth Oil Refining Co., Inc.
 Before CLARK, HINCKS, and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case plaintiffs filed a complaint and took out a summons on April 5, 1957, in an action claiming damages for misappropriation of property and loss of profits in connection with an oil refining venture in Puerto Rico. The summons and complaint were not served on defendant Commonwealth Oil Refining Company, Inc., until May 8, 1959, and have not yet been served on the other defendants, who are nonresidents of the District. Commonwealth has been amenable to service throughout and, on motion promptly made on May 28, 1959, secured a dismissal of the action[1] for failure to prosecute, which the court refused to reopen on motion for reargument. Since no limitation is stated in the order, the dismissal is one with prejudice which "operates as an adjudication upon the merits." F.R.Civ.P. 41(b). Plaintiffs say they delayed the service upon Commonwealth because of continued attempts to effect personal service upon defendant Carter, whom they term the "prime conspirator"; but having recently effected service on Carter in a new action brought in the federal court in South Carolina, they are now prepared to proceed against Commonwealth.
 
 
 2
 The court has, and should have, a wide discretion as to penalties for failure of diligent prosecution of litigation. Had the court contented itself with merely dismissing the present action without prejudice, we should not have thought it necessary to interfere. But as it stands, the plaintiffs face a permanent bar for a delay which in our congested trial courts is hardly unusual. Had the plaintiffs been sophisticated procedurewise, they could have withdrawn their action at this stage without leave, F.R.Civ.P. 41(a) (1), and could have begun again at any time permitted them under applicable statutes of limitations. As it is, they are much worse off than had they delayed suit altogether. We note further that our court has held erroneous a dismissal in favor of unserved defendants who have not sought such relief. Waterman v. Nelson, 2 Cir., 177 F.2d 965. Under the circumstances the doom entered below seems altogether too final and definitive. We think the action should take the more normal course of ordinary pleading and disposition in ways less abrupt.
 
 
 3
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 The order is somewhat ambiguous as to whether the dismissal is just as to Commonwealth or is as to all defendants. We think the latter was intended, as the court clerk apparently assumed; hence the order is presently appealable