**INDEPENDENT PRODUCTIONS CORPORATION and IPC Distributors, Inc., Appellants,**

v.

**LOEW'S INCORPORATED et al., Appellees.**

**No. 35, Docket 26112.**

United States Court of Appeals Second Circuit.

Argued Oct. 5, 1960.

Decided Nov. 2, 1960.

See also 24 F.R.D. 360; 184 F.Supp. 671.

Rosston, Hort & Brussel, George Brussel, Jr., New York City (George Brussel, Jr., and Edward Labaton, New York City, Charles A. Reich, New Haven, Conn., of counsel), for appellants.

Myles J. Lane, Bernard R. Sorkin, Georgiana Koenig, New York City, of counsel, for defendants-appellees.

Schwartz & Frohlich, New York City, for Columbia Pictures Corp. and Columbia Pictures International Corp.

Sidney Schreiber, New York City, for Motion Picture Ass'n of America, Inc. and Association of Motion Picture Producers.

Benjamin Melniker, New York City, for Loew's Inc. and Loew's International Corp.

Howard Levinson, New York City, for Warner Bros. Pictures, Inc., Warner Bros. Pictures International Corp., and Warner Bros. Pictures Distributing Corp.

Leonard Kaufman, New York City, for Paramount Pictures Corp., Paramount International Films, Inc., and Paramount Film Distributing Corp.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for United Artists Corp., Eagle Lion Classics, Inc., National Screen Service Corp., Comedia Enterprises, Inc., and City Entertainment Corp.

J. Miller Walker, New York City, for RKO Teleradio Pictures, Inc. (formerly known as RKO Radio Pictures, Inc.).

Simpson, Thacher & Bartlett, New York City, for Atlas Corp. (successor by merger to defendant RKO Pictures Corp.).

Royall, Koegel, Harris & Caskey, New York City, for Twentieth Century-Fox Film Corp., Twentieth Century-Fox International Corp. and Twentieth Century-Fox Inter-America, Inc.

Adolph Schimel, New York City, for Universal Pictures Co., Inc., Universal Film Exchanges, Inc. and Universal International Films, Inc.

Theodore R. Black, New York City, for Republic Productions, Inc., Republic Pic-

732

tures Corp. and Republic Pictures International Corp.

William B. Jaffe, New York City, for Allied Artists Pictures Corp., Allied Artists Productions, Inc., Allied Artists International Corp. and Allied Artists Distributing Corp.

Frederick W. R. Pride and Charles F. Young, New York City, for West Coast Theatre Corp. and West Coast Agency Corp.

Cahill, Gordon, Reindel & Ohl, New York City, for Radio Corp. of America.

Michael F. Mayer, New York City, for Arthur Mayer and Council of Motion Picture Organizations, Inc.

Jacobs, Persinger & Parker, New York City, for Reeves Sound Studios, Inc.

Paskus, Gordon & Hyman, New York City, for Schwerin Research Corp.

James L. O'Connor, New York City, on the brief, for Pathe Laboratories, Inc. and Chesapeake Industries, Inc.

Spivak & Kantor, New York City (Louis Kantor, New York City, of counsel), for Richard F. Walsh, John J. Francavilla and Roy Brewer, defendants-appellees.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

## WATERMAN, Circuit Judge.

Plaintiff corporations allege a conspiracy to harm them in violation of the federal antitrust laws. Defendants, pursuant to Rule 26 of the Federal Rules of Civil Procedure (28 U.S.Code Appendix, 1958 Ed.), sought to examine the plaintiffs by taking pretrial depositions of one Herbert Biberman, as the corporations' managing agent. Plaintiffs challenged the designation of Biberman as their managing agent and sought an order under Rule 30(b) barring defendants from taking plaintiffs' corporate deposition by Biberman. Judge Sugarman denied plaintiffs' motion, D.C.S.D.N.Y.1959, 24 F.R.D. 19, and ordered plaintiffs to appear by Biberman. At the time and place specified in the order plaintiffs presented Biberman for examination by the defend-

ants. Plaintiffs, however, continued to disclaim Biberman as their managing agent.

During the examination an impasse was reached when the witness, relying upon his personal constitutional privilege against self-incrimination, refused to answer certain questions. Defendants, pursuant to Rule 37(a), obtained an order to show cause why the witness should not be compelled to answer the questions. The hearing on the order to show cause was brought on before Judge Sugarman, and at the outset plaintiffs' counsel, as at the time of the examination, disclaimed Biberman as plaintiffs' managing agent. Thereupon, in view of this disclaimer, Judge Sugarman entertained an oral motion to dismiss plaintiffs' complaint and forthwith granted it, with prejudice, on the ground that the corporations had wilfully failed to appear as ordered by the court, D.C.S.D.N.Y. 1959, 24 F.R.D. 360.

■ We reverse the dismissal order. We are of the opinion that the plaintiffs complied with the prior order to appear and hence that the court below abused its discretion in dismissing the complaint with prejudice.

When Biberman was presented by the plaintiff corporations at the time and place the court specified, was sworn, and submitted to examination, plaintiffs had appeared, had fully complied with the court order, and were not subject to sanctions for failure to appear. See Cardox Corporation v. Olin Mathieson Chem. Corp., D.C.S.D.Ill.1958, 23 F.R.D. 27. Defendants had full opportunity thoroughly to examine the witness for purposes of preparing their defenses.

■ The dispute which arose over the propriety of questions defendants asked Biberman at pretrial examination was properly governable by the specific provisions of Rule 37(a) and (b). Rule 37(a) provides that upon reasonable notice one may apply for an order compelling answers. Defendant so moved. Rule 37(b) sets forth the sanctions for failure to comply with a court order com-

pelling answers.[1] The court below should have dealt with the issues pertinent to the motion to compel answers by following the specific procedures set forth in Rule 37(a) and (b) instead of ignoring these procedures and summarily dismissing the complaint, even though this precipitate action is sought to be justified as being within the court's inherent powers.

The dismissal of an action with prejudice or the entry of a judgment by default are drastic remedies, and should be applied only in extreme circumstances. Producers Releasing Corp. De Cuba v. PRC Pictures, 2 Cir., 1949, 176 F.2d 93, 96 (dismissal with prejudice set aside); Gill v. Stolow, 2 Cir., 1957, 240 F.2d 669, 670 (judgment by default set aside). As Chief Judge Clark stated in Gill v. Stolow, at page 670: "In final analysis, a court has the responsibility to do justice between man and man, and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default."

 The lower court need not and should not have resorted to the use of its inherent power.[2] In Societe Internationale etc. v. Rogers, 1958, 357 U.S. 197, 206–208, 78 S.Ct. 1087, the Supreme Court reviewed action below that had been justified by the exercise of "inherent power." It held that Rule 37 was the exclusive remedy for noncompliance with a production order inasmuch as Rule 37 "addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.'" Here, as well as there, a reliance upon inherent power "can only obscure analysis of the problem before us." We are of the opinion that the

rationale of Societe Internationale etc. v. Rogers applies with equal vigor to the problem here, that the lower court's reliance upon "inherent power" is misplaced, and that complete adherence to the clearly delineated procedures of Rule 37 is required.

Reversed and remanded for further proceedings not inconsistent with this opinion.

1. The language "refuses to obey" an order, if ambiguous, has been declared to be synonymous with "failing to comply with an order." Societe Internationale etc. v. Rogers, 1958, 357 U.S. 197, 207, 208, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255.

2. The court below appears to have believed that Rule 37(d) applies only when a party fails to appear pursuant to a proper notice and does not apply when the failure is in response to a court order. Such a distinction is unpersuasive—it would leave a gap in pretrial procedure that could not have been intended. The grounds that would excuse a failure to appear pursuant to a court order do not differ from those excusing a similar failure to appear after service of a proper notice.