Thomas N. MELY, Appellant,

v.

J. C. MORRIS and Von R. Baxter, Appellees.

No. 600.

Supreme Court of Alaska.

Jan. 25, 1966.

James K. Tallman, Anchorage, for appellant.

Daniel A. Moore, Jr., Delaney, Wiles, Moore & Hayes, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

This is an appeal from the lower court's dismissal with prejudice of appellant's third party complaint against appellees J. C. Morris and Von R. Baxter. We have concluded that the dismissal should not have been entered with prejudice.

The Northern Commercial Company originally instituted this action against appellant in August of 1963. In its complaint the Northern Commercial Company alleged that it had leased a D–8 Caterpillar tractor to appellant and that due to appellant's negligence the tractor had become mired in "muskeg and swamp" near Goose Bay, Alaska. The original plaintiff sought to recover $4,707.33 from appellant for costs of removal, parts, and labor incurred in retriev-

ing the tractor and thereafter making it operative. After issue was joined, the parties stipulated to allow appellant to bring in third party defendants.[1]

Thereafter, appellant served and filed a third party complaint against appellees and The Employer's Liability Assurance Corp., Ltd. Appellant alleged that appellee Von R. Baxter was the agent of appellee J. C. Morris, d/b/a J. C. Morris Insurance; that on January 8, 1963, a policy of insurance against loss or damage was issued on the subject tractor; that appellant was assured by Baxter that he was fully protected; that the policy of insurance was acceptable to the Northern Commercial Company; and that The Employer's Liability Assurance Corp., Ltd. had refused payment under the policy.

After answers were filed to the third party complaint both the Northern Commercial Company and The Employer's Liability Assurance Corp., Ltd. moved for and were granted summary judgments in their favor.[2]

Thereafter a pre-trial conference was held on December 4, 1964. At this conference James K. Tallman appeared as counsel for appellant.[3] After permitting the filing of an amended third party complaint and answer thereto, the pre-trial order recited:

The only question involved is whether or not at the time application made for policy through the Morris Agency (Baxter the manager) they misrepresented to him the fact that such loss as did occur was or would be covered under the policy.

The pre-trial order also set the matter for trial during the week of December 21,

1964. When the cause was reached for trial on December 23, 1964, appellant, his counsel Mr. Tallman, and Mr. Moore, counsel for appellees, were present in court. At that time appellant's counsel moved for a continuance of the trial in order to file motions to set aside the summary judgments which had been previously entered.

After hearing argument, the trial court granted appellant's motion for a continuance upon the condition that appellant pay to appellees an attorney's fee in the amount of $150.00 plus $8.00 in witness fees. In fixing these conditions, the court stated:

Now, I want to make it clear that the Court will grant the 30 days in which to pay—to pay this, but I want to make it clear that it's going to be dismissed with prejudice if it's not. And if there's any questions in the parties minds about being able to pay it, I suggest you go into trial on this. * * *[4]

Under the terms imposed by the trial court, the 30 day period expired on January 22, 1965.[5] On January 25 (the Monday following the 22nd) appellant's tender of $158.00 was refused by counsel for appellees. Counsel for appellees then moved for the entry of an order of dismissal of appellant's third party complaint with prejudice. Appellant in his affidavit in opposition to this motion asserted that he had attempted to raise the $158.00 by cutting cordwood on his homestead near Rabbit Creek but that he was delayed when his chain saw broke. In addition to stating in the affidavit that he was under the impression that he had until January 23, 1965, within which to pay the $158.00, appellant asserted that both he

1. At the time issue was joined John D. Shaw was the attorney of record for appellant.

2. The motions for summary judgment were not opposed by appellant. The Northern Commercial Company obtained a $3,251.93 judgment against appellant. The Employer's Liability Assurance Corp., Ltd. obtained summary judgment dismissing appellant's third party complaint as to it.

3. The pre-trial conference marked Mr. Tallman's initial appearance of record in the case.

4. At first the court ordered appellant to pay the $158.00 within 10 days but then extended the time to 30 days.

5. January 22, 1965, fell on a Friday.

and his wife had gone without necessities in their attempt to raise the $158.00.

After hearing argument on appellees' motion for dismissal, the court determined that, in addition to the $158.00 previously ordered, appellant had to pay an additional $50.00 by 5:00 p. m.[6] that day or his third party complaint would be dismissed with prejudice. In entering this order, the court stated:

> Well, it may be true that—it's also apparent in view of the plaintiff or his attorney's attempting to take advantage of the Court in not abiding with the Court's order. Now I'm going to give—I'm going to charge an additional $50.00, $25.00 to pay to the Clerk of the Court by 5:00 this afternoon, and $25.00 to Mr. Moore, if you want to get back in this case. Otherwise, the Court is going to sign this at 5:00 p. m. this afternoon dismissing this matter, and I want you to know that when the Court enters an order here that it either comes in on the day on which the Court orders it or you're going to pay for it. And that is the reason the Court is requiring you to pay for it now. * * *

On the afternoon of the day that the court entered the above order, appellant filed an affidavit. In this affidavit, appellant stated that he did not:

> * * * have $50.00 and has approximately $15.00 to his name. Affiant needs the $15.00 to buy groceries and necessities for himself and his wife, and gas for his power saw in order to try to make a living. Affiant is 65 years of age and is unable to obtain any other employment at the present time except cutting wood, which he does during the winter months.

Affiant states that he will need at least 30 days to cut and sell enough wood to earn another $50.00 as ordered by the Court.

Upon appellant's failure to pay the additional $50.00 by 5:00 p. m. on February 2nd, the lower court dismissed with prejudice appellant's third party complaint against appellees.[7]

Under Rule 40 of our Rules of Civil Procedure, the superior court is empowered to grant continuances of trials upon such terms "as it sees fit, and in addition may require the payment of jury fees and other costs by the party at whose request the continuance has been made." [8] Civ.R. 40 clearly authorized the costs which the lower court imposed as a condition upon its granting to appellant a continuance of the original trial date. This same rule is also authority for the trial court's subsequent ordering of $50.00 additional costs as a term or condition of the original continuance granted appellant.

■ As to the power of the superior court to dismiss a cause of action for failure of the plaintiff to comply with its orders, Civ.R. 41(b) provides:

> *Involuntary Dismissal—Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.* * * * A dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party does not operate as an adjudication upon the merits. *Any other dismissal not provided for in this rule and a dismissal under this subdivision operates as an adjudication upon the merits, unless the court in its order for dismissal otherwise specifies.*[9]

(Emphasis supplied.)

6. The hearing was held and the order entered on February 2, 1965.

7. The text of the Order For Dismissal with Prejudice indicates that the court's dismissal was based upon appellant's failure to comply with the December 23, 1964, order which required appellant to pay $158.00 within 30 days.

8. Civ.R. 40(f) (2).

9. Findings of fact are not required on the trial court's part in entering a dismissal

 Civ.R. 41(b) empowered the lower court to dismiss appellant's third party cause of action. The issue for determination is whether the record warranted the court's ordering the dismissal "with prejudice."

In Independent Prods. Corp. v. Loew's Inc.,[10] the court stated:

> The dismissal of an action with prejudice or the entry of a judgment by default are drastic remedies, and should be applied only in extreme circumstances. Producers Releasing Corp. De Cuba v. PRC Pictures, 2 Cir., 1949, 176 F.2d 93, 96 (dismissal with prejudice set aside); Gill v. Stolow, 2 Cir., 1957, 240 F.2d 669, 670 (judgment by default set aside). As Chief Judge Clark stated in Gill v. Stolow, at page 670: "In final analysis, a court has the responsibility to do justice between man and man, and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default."

 We are in accord with the views expressed in the *Independent Prods.* case. Whether or not a dismissal with prejudice is warranted under Civ.R. 41(b) is a matter within the trial court's discretion.[11] Upon review of the entire record in this case, we are of the opinion that the penalty assessed by the trial court was too harsh and that the order of dismissal should be amended to read without prejudice.[12]

Appellant's non-wilful failure to comply with the trial court's two orders requiring payment of costs did not warrant the drastic action of dismissal with prejudice of his third party complaint against appellees.[13] The question of the trial court's control and administration of its calendar is a troublesome area and normally should be left to the discretion of the trial judge. Yet on the facts of this appeal, we are constrained to modify that portion of the court's order which dismissed appellant's third party complaint with prejudice.

From a study of the record, one might reasonably infer that the trial judge's final

---

pursuant to Civ.R. 41(b) for failure of the plaintiff to comply with the rules or any of its orders. See 5 Moore, Federal Practice § 52.08, at 2673 (2d ed. 1964), where it is stated:

> On the other hand where the court enters a judgment against a party for his failure to comply with the rules or with an order of the court, the case is not 'tried upon the facts', and findings should not be necessary. * * *

Note: When noncompliance by a party with a discovery order is in issue, Civ.R. 37(b) must be looked to, rather than Civ. R. 41(b), as the source of the court's authority to impose sanctions. See Societe Internationale, etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

10. 283 F.2d 730, 733 (2d Cir. 1960).

11. 2B Barron & Holtzoff, Federal Practice and Procedure § 917, at 136 (rules ed. Wright rev. 1961).

12. Typical of the federal authorities which have modified dismissals with prejudice are: Lyford v. Carter, 274 F.2d 815, 816 (2d Cir. 1960); Peterson v. Moore, 267 F.2d 496 (3d Cir. 1959); Kuzma v. Bessemer & L. E. R. R., 259 F.2d 456, 457 (3d Cir. 1958); Producers Releasing Corp. De Cuba v. PRC Pictures, 176 F. 2d 93, 96 (2d Cir. 1949). See also Colonial Drive-In Theatre, Inc. v. Warner Bros. Pictures, Inc., 21 F.R.D. 331, 332–333 (S.D.N.Y.1958); In re Wozar's Estate, 34 N.J.Super. 133, 111 A.2d 768 (1955).

13. In 2B Baron & Holtzoff, supra note 11, at 136–137, the author states:

> This matter is usually within the court's discretion, but it should be kept in mind that dismissal with prejudice is a drastic sanction to be applied only in extreme situations. Thus not infrequently involuntary dismissals with prejudice have been set aside on appeal, where the court thought this too harsh a sanction for the particular conduct involved.

In 5 Moore, op. cit. supra note 9, § 41.12, at 1139, the following similar statement is made:

> Where, however, a reasonable excuse is offered for failure to comply with a rule or an order, the court should, in the exercise of its discretion, either refuse to dismiss, or provide in its order of dismissal that it does not constitute an adjudication upon the merits.

action resulted in part from the frustrating lack of diligence of appellant's counsel who, at one point or another in the proceedings:

(a) Violated Civ.R. 77(e) (2) by neither filing an affidavit or statement of reasons in opposition to appellees' motion for dismissal with prejudice nor a written statement that he would not oppose the motion until February 2, 1965, the day of the hearing.

(b) Unexplainably failed to request additional time within which to comply with the court's initial payment order when it was apparent to him that his client would not be able to meet the deadline.

 There is also an indication in the record that the trial court was displeased with counsel for appellant's actions in this case. A party "cannot * * * avoid the consequences of the acts or omissions of this freely selected agent" (his attorney). Link v. Wabash R. R., 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740 (1962). In this regard the comment in 2B Barron & Holtzoff, Federal Practice and Procedure § 917 (Supp.1964, at 31), is pertinent:

> At the same time a host of cases evidence the reluctance of the courts to bar a party from trial on the merits of his claim because of the errors of his legal representatives. In such situations, either on the original motion to dismiss or on a motion to vacate the dismissal, the court frequently have found less drastic sanctions, such as dismissal without prejudice, putting the case at the foot of the calendar, or assessing a sum against the delinquent attorney, which will vindicate the purposes of the rules without being unduly harsh on the party himself.

Appellant also contends in this appeal that the lower court erred in denying him the right to a trial by jury. We are of the opinion that our disposition of the dismissal

14. It should be noted that our disposition in this appeal still leaves for determination by the trial court appellant's Civ.R. 60(b) motion to set aside the summary

with prejudice issue has obviated the necessity to pass upon this issue.

For the reasons above stated, the order of the lower court dismissing appellant's third party cause of action is amended to read "without prejudice" and as amended is affirmed.[14]

judgments granted to Northern Commercial Company and The Employer's Liability Assurance Corp., Ltd.