(C.R.D. 72–6)

ALBION OPTICAL COMPANY *v.* UNITED STATES

(Dated March 10, 1972)

*Glad & Tuttle (Edward N. Glad* of counsel) for the plaintiff.

*L. Patrick Gray III,* Assistant Attorney General (*Patrick D. Gill,* trial attorney), for the defendant.

WATSON, Judge: Defendant has moved, pursuant to Rule 4.12 and 6.5(b)(2)(iii) of the rules of this court for an order entering judgment by default against plaintiff in these consolidated protests for failure to comply with certain orders of the court relating to discovery. Plaintiff has moved for an extention of time within which to comply with one of the orders.

One of the court orders ignored by plaintiff, directed it to answer an interrogatory regarding merchandise involved in protest 69/48579. This protest was abandoned by plaintiff and dismissed by the clerk of the court pursuant to Rule 8.3(a)(iv) on February 15, 1972, subsequent to the filing of defendant's motion herein. Plaintiff argues that this motion is moot as regards the dismissed protest.

However, as defendant correctly notes, said protest was improperly dismissed inasmuch as it was not first severed from the consolidated action. Rule 8.3(a)(iv) permits dismissal by the clerk of an "*action*". At the time of dismissal protest 69/48579 was only one portion of a

consolidated action and should have been severed from that action before dismissal.

In light of this defective procedure, said dismissal is set aside and protest 69/48579 is restored to this consolidated action for disposition as set out hereinafter.

The second court order required plaintiff to produce certain catalogues requested by defendant. Prior to the date set for production by said order, plaintiff moved for an enlargement of the time to produce the catalogues on the grounds that a person who is essential to plaintiff's compliance with said order is in the midst of an extended trip around the world during which it appears to be inordinately difficult to contact him. Plaintiff argues against the dismissal of the entire case on the grounds that the catalogues requested relate to a lens which is the merchandise in only one of the consolidated protests, protest 68/67106, and that it would be excessive to dismiss the entire case for a failure to comply with discovery in one relatively minor portion.

At this time I am inclined to agree with plaintiff. The sanction of dismissal of the action for failure to comply with an order of the court is a drastic one and should not be used except in flagrant and extreme circumstances. *Independent Productions Corp.* v. *Loew's Inc.*, 283 F.2d 730, 733 (2d Cir. 1960). See, *Societe Internationale Pour Participations Industrielles et Commerciales, S.A.* v. *Brownell*, 357 U.S. 197, 212 (1958). Rule 6.5 of the rules of this court, reflecting its origin in Rule 37 of the Federal Rules of Civil Procedure, directs the court to make such orders "as are just" and does not limit the court to the harsh alternative of dismissal. See generally, Wright & Miller, 8 Federal Practice and Procedure § 2284; 4A Moore's Federal Practice § 37.03[2.–5].

I view plaintiff's failure to respond as less a wilful disregard than a simple failure to expend sufficient time and energy to comply. I therefore consider it appropriate only to sever the one protest covering the merchandise which was the basis for the catalogues requested by defendant and give plaintiff until March 31, 1972 to comply with the order to produce. If plaintiff again fails to comply, that protest shall be dismissed forthwith.

For the above reasons, after considering plaintiff's motion to extend the time in which to comply with the order of this court dated January 3, 1972, defendant's opposition thereto, the supporting affidavit and all the relevant papers and after considering defendant's motion to dismiss the action for failure to comply with orders of the court, and plaintiff's opposition thereto, together with memorandums and upon all other papers and proceedings had herein, it is hereby

ORDERED, ADJUDGED AND DECREED, that the dismissal of protest 69/48579 is set aside and that protest is restored to this consolidated action, and it is further

ORDERED that protest 69/48579 be severed from this action and dismissed in accordance with plaintiff's abandonment, filed January 28, 1972, and it is further

ORDERED that protest 68/67106 be severed from the consolidated protests herein which shall henceforth be conducted under protest 67/4286–S, and it is further

ORDERED that plaintiff shall comply with the order of this court dated January 3, 1972 and supply the requested material no later than March 31, 1972, and it is further

ORDERED, ADJUDGED AND DECREED that if plaintiff shall not comply with the order of the court by March 31, 1972, protest 68/67106 shall be dismissed forthwith.