### Mario GARCIA, Plaintiff,

v.

### Daniel SENKOWSKI, Hans Walker, P. Bruce, T. Gard, K. Lee, Co Forley, Co Seals, Karen P. Phillips, formerly Karen Ahearn, Nurse Rocks, Defendants.

### Mario GARCIA, Plaintiff,

v.

### Dr. AREVALO, K. Lee, Daniel Senkowski, H. Walker, D. Bates, G. Zeunge, William Klukey, C.O., Psychiatrist at Clinton Correctional Facility, Correctional Officer at Clinton Correctional Facility, Superintendent, Superintendent at Great Meadow Correctional Facility, Dr. Seltzer, Dr. Kim, Pang Kooi, Sgt. D.M., Dr. Wong, Thomas A. Coughlin, III, Defendants.

### Nos. 93–CV–1584, 96–CV–405.

United States District Court,
N.D. New York.

March 20, 1996.

Office of Richard L. Baumgarten, Buffalo, New York (Richard L. Baumgarten, of counsel), for plaintiff.

Dennis C. Vacco, Office of the Attorney General, Department of Law, Albany, New York (Darren O'Connor, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND & FACTS

These two actions were consolidated by a Stipulation and Order dated and filed with this court on March 8, 1996.

The plaintiff alleges that the defendants assaulted him, intentionally delayed medical treatment for his injuries, and denied him due process in violation of his First, Fourth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights. The plaintiff seeks injunctive relief and compensatory damages.

On or about July 6, 1991, the plaintiff alleges that he slipped and fell on wet stairs and/or the bathhouse floor of the Clinton Correctional Facility. The plaintiff further alleges that following the accident, he was handcuffed by the defendants Forley and Seals, and beaten by hands, boots, and clubs about his head, knees, and arms. Subsequent to the alleged beating, the plaintiff was treated for a head wound at the Champlain Valley Medical Hospital.

The plaintiff alleges that he was assaulted on no less than six occasions by groups of corrections officers. The motivation for these beatings allegedly was the plaintiffs' complaints and civil lawsuits against corrections officers and administrators. The plaintiff also alleges that on one occasion a nurse injected him with an undisclosed and unauthorized medication.

The plaintiff repeatedly alleges that he has been denied proper medical treatment. Specifically, the plaintiff claims that: (1) he has not received his prescribed physical therapy since September 11, 1992; (2) he has been denied use of a prescribed wheelchair since November 16, 1992; (3) he has been without his prescribed crutches since January 10, 1993; and (4) he has been without a prescribed knee brace since January 12, 1993. Allegedly, all of these devices, with the exception of the wheelchair, were removed from his possession without medical authorization, and by force. In addition, the plaintiff claims to have been further mistreated in retaliation for initiating lawsuits by denial of daily supplies, a proper diet, pain medication, and certain surgeries. Finally, the plaintiff alleges that he has been sent outside into a recreation area during the winter months for one hour periods without appropriate clothing.

The defendants moved for summary judgment on November 14, 1994. First, the defendants argue that the complaint should be dismissed because the plaintiff has failed to comply with the Magistrate Judge's discovery order requiring his cooperation at an oral deposition. Second, the defendants contend that the plaintiff's eighth amendment claims relating to medical treatment/care must be dismissed because the plaintiff cannot establish that any defendant acted with deliberate indifference to a serious medical need. Third, the defendants Walker and Senkowski argue that all claims should be dismissed as against them because they were not personally involved in the alleged unlawful acts. Finally, the defendants argue that they are protected from a claim for damages pursuant to the doctrine of qualified immunity. The Magistrate Judge issued a Report–Recommendation dated December 13, 1995, to which the defendants have objected.

The essence of the defendants' objections is that the Magistrate Judge failed to address the arguments set forth in their motion for summary judgment. The defendants contend that the Report–Recommendation did not address the issue of the plaintiff's alleged failure to participate in discovery; the issue of summary judgment as to the alleged indifference to the plaintiff's medical needs;[1] the issue of the personal involvement of certain defendants; and the issue of qualified immunity. The court will address these issues herein, in accordance with the appropriate standard of review.

## II. DISCUSSION

### A. Standard Of Review

The defendants' motion for summary judgment was referred to Magistrate Judge David N. Hurd for a Report–Recommendation and objections have been filed. Accordingly, pursuant to Fed.R.Civ.P. 72 this court must make a "*de novo* determination upon the record" of the motion before the court. Fed.R.Civ.P. 72(b). After making a *de novo* determination, this court may "accept, reject, or modify the recommended decision receive further evidence, or recommit the matter to the magistrate with instructions." *Id.* The court now turns to the issues presented.

### B. Standard For Summary Judgment

The standard for granting a motion for summary judgment is well-settled. Summary judgment is appropriate when no genuine issues of material fact exist, and thus the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant bears the initial burden of showing the Court that, on the evidence before it, there is no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Proc. 56(e). There must be more than a "metaphysical doubt as to the material facts." *Delaware & H.R. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990), *quoting, Matsu-*

*shita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "In considering a motion for summary judgment, the district court may rely on 'any material that would be admissible or usable at trial.'" *Azrielli v. Cohen Law Offices,* 21 F.3d 512, 516 (2d Cir.1994) (*quoting,* 10A C. Wright & A. Miller, Federal Practice and Procedure: Civil s 2721 at 40 (2d ed. 1983)). However, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party, and it may not properly grant summary judgment where the issue turns on the credibility of witnesses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Azrielli,* 21 F.3d at 517. Any assessments of credibility and all choices between available inferences are matters to be left for a jury, not matters to be decided by the Court on summary judgment. *Id.; See, e.g.,* Fed. R.Civ.P. 56(e), 1963 Advisory Committee Note; *Agosto v. Immigration & Naturalization Service,* 436 U.S. 748, 756, 98 S.Ct. 2081, 2086–87, 56 L.Ed.2d 677 (1978); *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 472–73, 82 S.Ct. 486, 490–91, 7 L.Ed.2d 458 (1962); *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989); *Centronics Financial Corp. v. El Conquistador Hotel Corp.,* 573 F.2d 779, 782 (2d Cir.1978); 6 Moore's Federal Practice P 56.02 at 56–45 (2d ed. 1993). "Only when reasonable minds could not differ as to the import of the evidence is summary judgement proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). It is with the foregoing standards in mind that the Court turns to the issues presented.

### C. Plaintiff's Alleged Non–Compliance With Discovery

■ By an Order of the Magistrate Judge filed September 14, 1994, the plaintiff was ordered to "attend, be sworn and answer questions" at a deposition noticed by the defendants' counsel. The plaintiff was advised that his failure to comply with the

---

1. The Report–Recommendation appears to blend the standards for summary judgment and a motion to dismiss for failure to state a claim for which relief can be granted.

Order might "result in sanctions including dismissal of the action pursuant to Rule 37 of the Federal Rules of Civil Procedure." Order of the Magistrate Judge, filed September 14, 1994.

On October 11, 1994, the defendants' counsel took the plaintiff's deposition. The plaintiff refused to speak, but did provide written responses to the questions posed. Although the plaintiff was less than a model deponent, and although the oral nature of the deposition was almost completely one-sided, the court declines to dismiss the complaint on the basis of a violation of Rule 37.

Fed.R.Civ.P. 37 states in relevant part:

(b) Failure to Comply With Order.

(1) Sanctions by Court in District Where Deposition is Taken. If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

(2) Sanctions by Court in Which Action is Pending.

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

 Where the order is to "appear" at deposition, default is proper only if the defendant literally fails to show up. *Securities & Exch. Com'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975); *Independent Productions Corp. v. Loew's Inc.*, 283 F.2d 730, 731 (2d Cir.1960). If a deponent refuses to answer questions in violation of a court order to do so, the court may levy sanctions. *See, generally, New York State NOW v. Terry*, 886 F.2d 1339 (2d Cir.1989), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). In this situation, the plaintiff did not refuse to answer questions. Rather, he failed to answer them orally. Looking to the express terms of the Order, the plaintiff was ordered to answer questions, not to answer them orally. The court concedes that one purpose of the oral examination before trial is to allow a colloquy between counsel and an opposing party. Nevertheless, the court can see no prejudice to the defendants from the plaintiff's refusal to speak at the deposition, especially in light of his willingness to write full answers to the questions posed. The plaintiff substantially complied with the Magistrate Judge's Order. Accordingly, the court denies the defendants' motion to dismiss the complaint on the basis of the plaintiff's failure to comply with discovery.

## D. Eighth Amendment Claim For Deliberate Indifference To Serious Medical Needs

 Prison officials have an obligation to provide adequate medical treatment to prisoners, and their failure to do so may give rise to a constitutional claim. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), *quoting, Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925 (1976). To prevail on a claim for denial of medical treatment "a prisoner must [raise a factual issue as to] acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. It is only that conduct which is incompatible with "the evolving standards of decency that mark the progress of a maturing society," *Id.* at 102, 97 S.Ct. at 290, or constitutes the "unnecessary and wanton infliction of pain," *Id.* at 104, 97 S.Ct. at 291, that rises to the level of deliberate indifference toward an inmate's serious medical needs. Thus, the court must apply a two component test that the plaintiff must satisfy in order to withstand the defendants' motion for summary judgment as to the plaintiff's claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995, 998–99, 117 L.Ed.2d 156 (1992); *see Farmer v. Brennan*, —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The first component is subjective and the second component is objective. The court must first consider whether the defendants acted "with a sufficiently culpable state of mind," and then

whether the alleged injury was "objectively harmful enough to establish a constitutional violation." *Hudson*, 503 U.S. at 8, 112 S.Ct. at 999.

▮ The court notes that mere negligence will not support a 42 U.S.C. § 1983 claim. There must be conduct so harmful that it can be properly characterized as a "barbarous act" that "shocks the conscience." *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 866 (2d Cir.1970), *citing, Church v. Hegstrom*, 416 F.2d 449, 451 (2d Cir.1969). A "prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 867 (2d Cir.1970), (*quoting, Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir.1968)); *see also, McCloud v. Delaney*, 677 F.Supp. 230, 232 (S.D.N.Y.1988) ("There is no right to the medical treatment of one's choice if the prescribed treatment is based upon applicable medical standards."). The court now turns to the facts of this case.

▮ In support of their motion, the defendants have submitted the plaintiff's complete medical file and other supporting documentation. *See* Exhibits C & D to the Defendants' Memorandum of Law in Support of their Motion for Summary Judgment. After reviewing the entirety of this considerable documentary submission, the court finds ample evidence of prompt and thorough medical treatment benefitting the plaintiff.

The plaintiff has complained of not receiving pain medication, yet the record shows that pain medication was routinely prescribed for him in accordance with the medical diagnosis relating to various procedures, and it indicates that he took the pain medication. *See, e.g.*, Exhibit C at 60, 115, 146, 181; Exhibit D (progress notes 11/92). The plaintiff claimed that he was not ordered physical therapy, a knee brace, crutches, or a wheelchair. However, the record demonstrates that the plaintiff was ordered physical therapy that he repeatedly failed to participate in, *see* Exhibit C at 62; Exhibit D (3/18/93 entry), was given crutches and a knee brace that he refused to use, *see* Exhibit C at 130, 144, 148, 181, and was repeatedly denied a wheelchair because it was determined not to be objectively medically necessary. *See* Exhibit C at 180, 182.

There is also substantial evidence that, despite the conclusory allegations of the plaintiff, he has repeatedly refused to submit to examinations and tests, *see* Exhibit C at 170, 183, 186, and was considered by medical staff and specialists to be feigning the inability to walk or speak. *See, e.g.*, Exhibit D (1/12/93 entry, 4/7/93 entry, 10/12/93 entry, and progress notes 11/92). The records also show that from May, 1985 through April, 1994, the period of time covered by the records attached to the moving papers, the plaintiff was seen by the medical staff at the correctional facility in which he was then incarcerated and at other medical facilities where he received diagnosis and treatment at least once a week. The plaintiffs' complaints were recorded and, as much as permitted by the plaintiff, investigated and diagnosed, and treatments were prescribed. The foregoing eviscerates any possible appearance of his indifference to the plaintiff's needs.

Recently, in *Pugliese v. Cuomo*, a plaintiff successfully defeated a motion by the defendants for summary judgment by arguing substantially similar grounds as the plaintiff herein. 911 F.Supp. 58, 62–63 (N.D.N.Y. 1996, M.J., Hurd). Significantly, in *Pugliese* the medical staff had recommended the continuation of the treatment that was discontinued. *Id.* at 63. In the instant case, the medical staff, including specialists have been unanimous in their opinion that the plaintiff is likely able to walk and speak, and requires no medical treatment other than that prescribed. The plaintiff's allegations, taken together, appear to reflect simply his disagreement with the quality or type of medical treatment he received, and the choice of people from whom he received it. This Circuit has never held that a plaintiff's subjective assessment as to the treatment he should have received, without more, can withstand a motion for summary judgment. *See McCloud*, 677 F.Supp. at 232. Accordingly, the court finds that, at as a matter of law, the plaintiff has not raised a material factual issue as to an eighth amendment claim for deliberate indifference to serious medical

needs. Therefore, the defendants' motion is granted to the extent set forth herein.

### E. Personal Involvement

 It is well settled that a defendant's personal involvement is a prerequisite for the assessment of damages in a 42 U.S.C. § 1983 action, *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978), and that the doctrine of respondeat superior is inapplicable to 42 U.S.C. § 1983 claims. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453–54, 70 L.Ed.2d 509 (1981); *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324. Where an inmate does no more than allege that a high level supervisor is liable because of his oversight of the prison, dismissal is proper. *Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir. 1987); *see also Williams v. Vincent,* 508 F.2d 541, 546 (2d Cir.1974). Therefore, a supervisor may only be held liable for the deprivation of a person's constitutional rights if that supervisor carried some personal involvement in the deprivation.

 In *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986), the Second Circuit detailed four different types of personal involvement for which a supervisor could be held constitutionally liable. A supervisory official is said to have been personally involved if: (1) that official directly participated in the infraction; (2) the official failed to remedy the wrong after learning of a violation through a report or appeal; (3) the official created a policy or custom under which the unconstitutional practices occurred or allowed such a policy or custom to continue; or (4) the official was grossly negligent in managing the subordinates who caused the unlawful condition or event. Id. The plaintiff has not addressed the legal standards set forth herein. Moreover, the record contains no facts raising a factual issue as to any of the bases of liability set forth in *Williams.* Accordingly, the court grants the motion for summary judgment on the basis of a lack of personal involvement in any acts allegedly giving rise to 42 U.S.C. § 1983 claims by the defendants Walker and Senkowski are granted, dismissing the complaint as against each of them. As to the defendants Lee and Rock, the defendants concede some level of involvement by them in the acts giving rise to the plaintiff's claims. Accordingly, their motion for summary judgment on this basis is denied.

### F. Qualified Immunity

 "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Yet, even if the rights in question are clearly established, a government actor may still be shielded by qualified immunity if "it was objectively reasonable for the public official to believe that his acts did not violate those rights." *Kaminsky v. Rosenblum,* 929 F.2d 922, 925 (2d Cir.1991); *Magnotti v. Kuntz,* 918 F.2d 364, 367 (2d Cir.1990). For an action of a government employee not to be covered by qualified immunity "in light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The *Anderson* court explained that it was not sufficient merely to show that a right existed, but that the "contours of the right [were] ... sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* The court notes that "[p]rison officials are charged with knowledge of relevant decisional law." *Francis v. Coughlin,* 891 F.2d 43, 46 (2d Cir.1989).

 In order to support a claim for qualified immunity, defendants must show by a preponderance of the evidence that "they did not know and reasonably should not have known that their actions would constitute a violation of plaintiff's constitutional rights." *Redcross v. County of Rensselaer,* 511 F.Supp. 364, 372 (N.D.N.Y.1981). In this case, defendants have clearly failed to meet this burden.

■ The defendants, in support of their argument for qualified immunity protection from suit, merely set forth the same contentions as set forth in their argument for summary judgment on the basis of a lack of personal involvement. There is no statement of the constitutional or statutory right allegedly not clearly established, nor is there any factual support for the court to consider. Therefore, for the foregoing reasons, the defendants' motion for summary judgment on the basis of qualified immunity is denied.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment as to the Eighth Amendment claim for deliberate indifference as to a serious injury, GRANTS the defendants Walker and Senkowski's motion for summary judgment dismissing the complaint on the basis of a lack of personal involvement, and DENIES the balance of the defendants' motion for summary judgment.

**It is so ordered.**