**DeShawn L. McCLOUD, Alfreda McCloud, and Michael McCloud, Plaintiffs,**

v.

**R.P.A. DELANEY and Corrections Officer R. Ronaza, Defendants.**

**No. 86 Civ. 9685 (EW).**

United States District Court, S.D. New York.

Jan. 25, 1988.

---

Michael McCloud, pro se.

DeShawn McCloud, pro se.

Alfreda McCloud, pro se.

Robert Abrams, Atty. Gen., New York City, for defendants; Darren O'Connor, Asst. Atty. Gen., of counsel.

## OPINION

CHARLES L. BRIEANT, Jr., Chief Judge.

Defendants move for summary judgment in this civil rights action brought under 42 U.S.C. § 1983. Plaintiffs are a prisoner, his wife, and his son, appearing pro se. Defendant Delaney is a Registered Physician's Assistant employed by the New York State Department of Corrections and defendant Bonanza[1] is a Corrections Officer formerly assigned to Michael McCloud's cell block. Plaintiff Michael McCloud alleges that his eighth and fourteenth amendment rights were violated when the defendants treated him with drugs to which he was allergic. Michael McCloud's wife and son claim they suffered emotional distress as a result of the violations of Michael McCloud's constitutional rights. Plaintiffs request an injunction against further forcing medication upon McCloud, compensatory damages, and punitive damages.

Defendants submit through their affidavits the following account of the events at issue in this litigation: On March 6, 1986, Michael McCloud visited the prison infirmary complaining of nausea, chills, and dizziness. Defendant Delaney examined him and found he had a fever and other symptoms of pharyngitis and tonsillitis. Based on his training and experience, Delaney believed that Michael McCloud should be treated with penicillin, however he noted that McCloud's medical chart indicated that he was allergic to penicillin. Believing the notation on McCloud's medical chart about the allergy to be based on McCloud's own statement, and knowing that many people confuse an allergy to penicillin with a sensitivity to penicillin, Delaney asked McCloud why he thought he was allergic to penicillin. Based on McCloud's answer, Delaney concluded that in his professional judgment McCloud had a sensitivity and not an allergy to penicillin. Accordingly, he prescribed penicillin, which McCloud consented to take, and advised that a close watch be kept for any adverse reaction. Delaney examined McCloud the next morning, and once more thereafter, and observed a marked improvement in his condition with no signs of any adverse reaction. On neither occasion did McCloud complain to Delaney of any adverse reaction to the penicillin.

On August 19, 1986, defendant Bonanza was assigned the task of distributing over-the-counter medications to Michael McCloud's cell block. Over-the-counter medications are common nonprescription items like aspirin that can be requested by inmates without approval from the medical staff. To receive such medications the inmate fills out a form that is forwarded to the pharmacy where the requested medication is sealed in an envelope and given to the block officer for distribution. The inmate then signs for the medication when it

---

**1.** Plaintiffs named as defendant "C/O R. Ronaza" but it appears from the record that the Corrections Officer in question is actually "Ronald Bonanza."

is received. On August 19, Michael McCloud, knowing that his medical chart indicated he was allergic to aspirin,[2] submitted a request for aspirin. Bonanza, unaware of any allergy that McCloud might have, delivered the aspirin and McCloud signed a receipt for it. McCloud suffered no adverse reaction to the aspirin.

Plaintiffs' account of the events at issue here, as set out in their complaint, is somewhat different. Plaintiffs contend that defendant Delaney told Michael McCloud a misbehavior report would be filed if he didn't take the penicillin. Plaintiffs also contend that defendant Bonanza knew McCloud was allergic to aspirin. Thus the essence of plaintiffs' claims is that the defendants knowingly forced McCloud to take medicines to which he was allergic in violation of his eighth amendment right to be free of cruel and unusual punishment as applied to the states through the fourteenth amendment. However, plaintiffs have submitted no affidavits or other evidence in opposition to this motion for summary judgment. Because defendants' motion for summary judgment is supported by affidavits proving facts that entitle it dismissal, and because plaintiffs have not come forward with evidence that there is a genuine issue of material fact for trial, disposition by way of summary judgment is appropriate.[3]

■■■ Section 1983 authorizes remedies for those who are deprived under color of state law of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A party may not assert a civil rights claim on behalf of another;[4] each party must establish that he or she was personally deprived of rights or privileges secured by the Constitution.[5] DeShawn and Alfreda McCloud have failed to establish that they were deprived of any rights or privileges under the law, their claim being that they suffered emotional distress due to Michael McCloud's alleged deprivation of his eighth amendment rights. Thus, only Michael McCloud has a legally cognizable claim.

■■■ The essence of a § 1983 claim for improper medical treatment is "deliberate indifference to serious medical needs."[6] Mere negligence will not support a claim under § 1983; there must be some conduct that "shocks the conscience" or a "barbarous act."[7] A complete denial of, or intentional effort to delay access to, medical care, or a reckless or callous indifference to the safety of prisoners, will support a claim under § 1983.[8] However, there is no right to the medical treatment of one's choice if the prescribed treatment is based on applicable medical standards.[9]

■■■ It is clear on the evidence presented that the conduct at issue here does not reach the level of a constitutional violation. Delaney, in prescribing penicillin to McCloud, used great care. He took the time to learn if McCloud had any allergies, and, upon learning that McCloud believed he had an allergy to penicillin, investigated

---

**2.** On July 18, 1986, Michael McCloud had asked to know what medications he was allergic to.

**3.** *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983); Fed.R.Civ.P. 56(e).

**4.** In the limited circumstance of the wrongful death of a child, some courts have held that a parent can maintain a § 1983 action in his or her own behalf for the deprivation of "parenthood". *See Jones v. McElroy,* 429 F.Supp. 848 (E.D.Pa.1977).

**5.** *See Elk Grove Firefighters Local No. 2340 v. Willis,* 391 F.Supp. 487, 488 (N.D.Ill.1975).

**6.** *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

**7.** *United States ex rel. Hyde v. McGinnis,* 429 F.2d 864 (2d Cir.1970).

**8.** *See Harding v. Kuhlmann,* 588 F.Supp. 1315 (S.D.N.Y.1984), *aff'd,* 762 F.2d 990 (2d Cir.1985).

**9.** *See id.; cf. Youngberg v. Romeo,* 457 U.S. 307, 323, 102 S.Ct. 2452, 2462, 73 L.Ed.2d 28 (1982) (in action under § 1983 for deprivation of fourteenth amendment rights in treatment of involuntarily committed mental patient, liability could only be imposed "when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment").

the basis for that belief. Then, using his professional judgment to determine that penicillin was still the best treatment, Delaney advised McCloud himself, and those supervising him, that they should keep a close watch for adverse reactions. Delaney checked up on McCloud the very next morning, and made an appointment to check him again. Far from evidencing a deliberate indifference to McCloud's medical needs, the evidence shows a great concern for McCloud's welfare.

The claim that defendant Bonanza provided aspirin to McCloud, knowing him to be allergic, comes no closer to establishing a deliberate indifference to McCloud's serious medical needs. The uncontroverted evidence shows that McCloud requested the aspirin himself and signed a receipt for it shortly after being told that he was allergic to aspirin. Bonanza's job was to deliver such common, nonprescription medications when requested to do so by the inmates, not to investigate whether there might be some nonobvious reason, like an allergy, why the requested medication should be withheld. Under these circumstances it appears that if anyone showed a deliberate indifference to McCloud's medical needs, it was McCloud himself. Bonanza in no way deprived McCloud of his constitutional rights.

For the above reasons, defendants' motion for summary judgment against the plaintiffs is granted in its entirety.

The Clerk shall enter a final judgment. So ordered.