**William HOGAN, Plaintiff,**

v.

**Dr. RUSS, Dentist, SCF; Frank Tracy, Deputy of Administration, SCF; Louis Mann, Superintendent, SCF, Defendants,**

No. 94–CV–230.

United States District Court,
N.D. New York.

July 6, 1995.

William Hogan Fallsburg, NY, pro se.

G. Oliver Koppell, Atty. Gen., State of N.Y., Dept. of Law (Darren O'Connor, Asst. Atty. Gen., of counsel), Albany, NY, for defendants.

## MEMORANDUM, DECISION AND ORDER

McAVOY, Chief Judge.

This matter was referred to Magistrate Judge Scanlon for a Report–Recommendation pursuant to a standing order dated November 12, 1986. This case is based on a civil rights complaint under 42 U.S.C. § 1983 in which plaintiff William Hogan alleges that he was denied adequate medical care in violation of his Eighth and Fourteenth Amendment rights. Plaintiff moves for a preliminary injunction forcing defendants to allow him to see a medical specialist (periodontist) to examine and treat his teeth at the state's expense. It should be noted here that defendants have stated that they would allow plaintiff to be examined and treated by a periodontist, but only at plaintiff's own expense. Defendants' have filed a cross motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgement and dismissal on the pleadings.

In his Report–Recommendation, Magistrate Judge Scanlon recommended that the court deny plaintiff's motion for preliminary injunctive relief. He further recommended the court grant defendants' motion for judgement on the pleadings and that the complaint be dismissed.

Plaintiff filed objections to the Report–Recommendation on August 1, 1994. In his objections, plaintiff basically reiterates his original complaint of defendants' deliberate indifference to his medical needs.

### 1. Fed.R.Civ.P. 12(c).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Also, "[o]n a motion for judgment on the pleadings for failure to state a claim, the Court must assume the factual allegations of the non-moving party to be true, and resolve all inferences in his favor." *Tomarkin v. Ward*, 534 F.Supp. 1224, 1228 (S.D.N.Y.1982).

### A. Plaintiff's Fourteenth Amendment Equal Protection claim.

As a preliminary matter, the court notes that plaintiff's Fourteenth Amendment claim was inadequately alleged in his initial complaint. His request that it be considered as a separate cause of action was only submitted in connection with his objections to the Magistrate Judge's Report–Recommendation. Under Rule 15 of the Federal Rules of Civil Procedure, it is questionable whether plaintiff would be allowed to raise this claim at this time. But, given the leniency and broad reading given to pleadings made by pro se plaintiffs, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 519–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (holding that complaints drafted by pro se petitioners are to be held to less stringent standards than formal pleadings drafted by lawyers), this court will consider this complaint as formally raised, in compliance with plaintiff's own request.

Upon consideration, the court finds plaintiff's equal protection claim to be without merit given the fact that indigent persons are not a protected suspect class under the Equal Protection Clause of the Fourteenth Amendment. The United States Supreme Court has stated, "at least where wealth is involved, the Equal Protection Clause does not require absolute equality or precisely equal advantages." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 24, 93 S.Ct. 1278, 1291, 36 L.Ed.2d 16 (1973). As such, "[a] century of Supreme Court adjudication under the Equal Protection Clause affirmatively supports the application of the traditional standard of review, which requires only that the State's system be shown to bear some rational relationship to legitimate state purposes." *Id.* at 40, 93 S.Ct. at 1300.

In the instant case, although it is surely in the state's best interest to maintain the health of incarcerated persons, the state also has a legitimate interest in drawing the line at some level or standard of medical treatment. In short, the state's interest in efficiently distributing its limited resources is sufficient reason not to provide extensive specialized medical care for inmates. *See San Antonio Indep. Sch. Dist.*, 411 U.S. at

40, 93 S.Ct. at 1300 (admonishing interferences with the states' fiscal policies under the Equal Protection Clause). Accordingly, plaintiff's equal protection claim is dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**B. Plaintiff's Eighth Amendment Claim.**

Turning to plaintiff's Eighth Amendment claim, the court determines that even if all inferences are made in the light most favorable to plaintiff, this claim also fails. As noted in the Magistrate Judge's Report–Recommendation, in order to state a valid § 1983 Civil Rights action based on inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]here must be some conduct that 'shocks the conscience' or a 'barbarous act.' A complete denial of, or intentional effort to delay access to, medical care, or a reckless or callous indifference to the safety of prisoners will support a claim under § 1983. However, there is no right to the medical treatment of one's choice if the prescribed treatment is based on applicable medical standards." *McCloud v. Delaney*, 677 F.Supp. 230, 232 (S.D.N.Y.1988). The Supreme Court decision in *Estelle* concluded that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291 (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). Harm to a prisoner caused by accident, negligence or medical malpractice do not alone constitute the necessary deliberate indifference. *Id.* at 107–09, 97 S.Ct. at 292–93.

The facts of *Estelle* are somewhat similar to the facts of the present case. In *Estelle*, a prisoner was seriously injured when a 600 lb. bale of cotton fell on him. He filed a claim for inadequate medical care and alleged deliberate indifference under § 1983. The court stated,

> [c]ertainly an X-ray of [plaintiff's] lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing. . . . A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is in the state court.

*Id.* at 107, 97 S.Ct. at 293.

Similarly, in the present case, Dr. Russ' decision that further examination of plaintiff's teeth and gums was not necessary and that tooth extraction was a necessary and adequate remedy does not constitute deliberate indifference to plaintiff's medical needs. Defendants did not deny plaintiff the ability to obtain specialized medical attention. They merely stated that it was not prison policy to pay for such specialized care and that such care would be made available to plaintiff at his own expense. This case involves a prisoner being dissatisfied with the diagnosis of the prison physician. In *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864, 868 (2d Cir.1970), the Second Circuit subjected a similar claim to Rule 12(c) dismissal where, as in this case, the plaintiff had not alleged any specific acts from which deliberate indifference could be inferred. *See Tomarkin v. Ward*, 534 F.Supp. 1224, 1229 (S.D.N.Y. 1982).

Plaintiff's only allegation of deliberate indifference stems from Dr. Russ' recommendation that plaintiff's four bad teeth be extracted without first having taken x-rays. The record indicates that Dr. Russ' recommendation was based on his diagnosis that severe bone loss in the plaintiff's mouth prevented the teeth from being saved. Plaintiff has submitted some medical authority in support of his claim that x-rays were necessary in order to determine the extent of bone loss. Even if this allegation was true, and assuming that defendant did make a wrongful diagnosis and recommendation, defendant's action still fails to constitute deliberate indifference. At best, plaintiff's claim would rise only to the level of negligence. As *Estelle* states, if a medical decision was negligent, it is not for the federal courts to decide and the appropriate forum would be the state courts. *Estelle*, 429 U.S. at 108, 97 S.Ct. at 293. As

such, plaintiff makes no viable claim for deliberate indifference and Fed.R.Civ.P. 12(c) dismissal is appropriate.

## 2. Plaintiff's motion for preliminary injunctive relief.

 The basic rule behind the granting of a preliminary injunction is:

A party seeking preliminary injunctive relief must establish (a) that the injunction is necessary to prevent irreparable harm and (b) either that (i) it is likely to succeed on the merits of the underlying claim or (ii) there are sufficiently serious questions going to the merits of the claim as to make it a fair ground for litigation and that the balance of the hardships tips decidedly toward the movant.

*Eng v. Smith,* 849 F.2d 80, 81–82 (2d Cir. 1988). A preliminary injunction is an "extraordinary remedy that should not be granted except upon a clear showing that there is a likelihood of success and irreparable injury." *Diversified Mortgage Investors v. U.S. Life Title Ins. Co.,* 544 F.2d 571, 576 (2d Cir.1976); *see Hanson Trust PLC v. ML SCM Acquisition, Inc.,* 781 F.2d 264, 273 (2d Cir.1986); *Medical Soc'y of New York v. Toia,* 560 F.2d 535, 538 (2d Cir.1977). Where injunctive relief does not merely maintain the status quo, but rather grants the movant substantially all the relief he ultimately seeks, as is the case here, an even more stringent standard is required. The movant "must show a *SUBSTANTIAL* likelihood of success on the merits, i.e., that [his] cause is considerably more likely to succeed than fail (together, of course, with the requisite irreparable injury)." *Eng,* 849 F.2d at 82 (citing *Abdul Wali v. Coughlin,* 754 F.2d 1015, 1025–26 (2d Cir.1985)) (emphasis added).

 As this court finds that both plaintiff's Eighth and Fourteenth Amendment claims fail to state a claim upon which relief can be granted, it is elementary that plaintiff does not meet the "likely to succeed on the merits" requirement for the issuance of a preliminary injunction. As such, the motion is denied.

As a final note, the court recognizes that, since the filing of this action, plaintiff has been transferred to the Sullivan Correctional Facility. The record indicates that on April 19, 1995, plaintiff filed another complaint alleging that the staff at the Sullivan facility is not providing him with adequate dental attention. The court, however, cannot take these allegations into consideration as part of the present case since they involve entirely different claims and defendants. As such, they are beyond the scope of his original complaint, and therefore, the court will not address them at this time.

For the foregoing reasons, the court hereby adopts the Report–Recommendation dated July 13, 1994 in its entirety. Plaintiff's motion for injunctive relief is denied, and defendants' motion for dismissal of the action on the pleadings is granted.

**IT IS SO ORDERED.**