**David BENJAMIN, Plaintiff,**

v.

**Stephen SCHWARTZ, M.D., et al., Defendants.**

**No. 03 CIV. 0825(CM).**

United States District Court, S.D. New York.

Jan. 8, 2004.

David Benjamin, pro se, Stormville, NY, for Plaintiff.

Susan H. Odessky, Office of the Attorney General, Assistant Attorney General, New York, NY, for Defendants.

## MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

MCMAHON, District Judge.

Plaintiff, a prisoner at Green Haven Correctional Facility (who happens to be a gynecologist by profession), suffered an injury to his right shoulder in an altercation with a corrections officer on March 24, 1999. Following the injury he could not raise or stretch his right arm. On September 20, 1999, an MRI of the right shoulder revealed a tom long biceps muscle tendon and two other tendons. Plaintiff was assessed by defendant Schwartz, an orthopedic surgeon, on January 19, 2000. Schwartz allegedly agreed that surgery was indicated, but did not perform it until February 1, 2001, over a year later. During the intervening months, the muscu-

lature atrophied, which plaintiff alleges can cause permanent disability.

Defendant Silver, whom plaintiff describes as his "provider," allegedly acknowledged to plaintiff on some unspecified date that he was fully aware of the consequences of delaying the repair of plaintiff's shoulder. Plaintiff alleges that Silver could have encouraged Schwartz to operate sooner but did nothing. He makes the same allegation against defendant Koenigsmann, whom he describes as the supervisor of Dr. Silver and who is in fact the Medical Director at Green Haven. Plaintiff does not, however, allege that Dr. Koenigsmann was personally involved in his care.

The operation was not a success. Plaintiff had many months of physical therapy, but when it was terminated (allegedly on January 30, 2002—plaintiff does not allege who was responsible for terminating the physical therapy), plaintiff noted no improvement to the shoulder or in raising and stretching the arm. Plaintiff subsequently read Schwartz's post-operative report and concluded that Schwartz had made various errors during the surgery (among them failing to "reinsert the torn tendons of the retracted long tendon of the right bicep, to inset on the right 'coracoid process' "). He believes that this malpractice contributed to the lack of improvement in his condition. He further believes that the failure to schedule surgery for nearly two years after he was injured constituted deliberate indifference to his medical welfare in violation of his rights under the Eighth Amendment to the United States Constitution. He seeks $10 million in compensatory and $50 million in punitive damages from each of the named defendants (though he erroneously asks for these damages "as injunctive relief").

The Attorney General moves to dismiss the complaint on a variety of grounds, including failure to state a cause of action, Eleventh Amendment immunity insofar as the action seeks damages against defendants in their official capacities, lack of personal involvement by Dr. Koenigsmann, and qualified immunity. In deciding the motion I rely on the usual rules applicable to a motion made pursuant to Fed.R.Civ.P. 12(b)(6)—I construe the allegations of the complaint most favorably to plaintiff (making allowances for the fact that he is litigating pro se) and I dismiss a claim only if there is no conceivable way that plaintiff could prevail. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *Elliott v. Bronson,* 872 F.2d 20, 21 (2d Cir.1989).

Several of the State's grounds are clearly meritorious.

▮ First, the complaint must be dismissed insofar as it seeks recovery against defendants in their official capacity, since New York has not consented to suit in federal courts. *Trotman v. Palisades Interstate Park Commission,* 557 F.2d 35, 38–40 (2d Cir.1977). Eleventh Amendment immunity extends to damage actions against state officials sued in their official capacities, because the State is the real party in interest. *Farid v. Smith,* 850 F.2d 917, 921 (2d Cir.1988). As the Attorney General points out, damages are being sought because of alleged inaction and negligent action taken or not taken by the three defendants in the course of providing medical assistance to an incarcerated prisoner—a function that is entirely remitted to the state.

▮ Second, the complaint must be dismissed as to defendant Koenigsmann because there is no allegation in the complaint (including in plaintiff's lengthy statement of the claim) that Koenigsmann was personally involved in the constitutional deprivation complained of. The only alle-

gation against him is that he "could have" intervened to encourage Schwartz to accelerate plaintiff's surgery because he was Silver's supervisor. *Respondeat superior* liability may not be imposed under 42 U.S.C. § 1983. *Day v. Armstrong*, 242 F.3d 364, 2000 WL 1775515 (2d Cir.2000).

■ Third, plaintiff's claim against defendant Silver must be dismissed because plaintiff fails to state any claim against him. All Silver is alleged to have done is failed to encourage Schwartz to operate, with knowledge that delay in repairing the tendons could result in serious atrophy of the musculature. But plaintiff does not allege that Silver had any control over Schwartz's surgery schedule or any ability to effect plaintiff's desired result, which was earlier surgical attention to his problem by a qualified orthopedic surgeon. Nor does he allege that Silver took some affirmative step to prevent Schwartz from operating on plaintiff in a more timely manner.

This leaves plaintiff with a claim that Schwartz was deliberately indifferent to his medical needs in two ways: by postponing plaintiff's surgery until almost two years after he suffered his injury and one year after the problem was definitively diagnosed as one needing surgery; and by operating on his arm in a negligent manner, to wit, failing to reattach a certain tendon.

■ The second aspect of plaintiff's claim sounds in medical malpractice. Malpractice actions cannot be brought under Section 1983, because it sounds in negligence, and mere negligence does not rise to the level of a constitutional tort. Plaintiff, a physician, obviously disagrees with how Schwartz performed the operation, but that does not make out a claim for deliberate indifference to his medical needs, which is the minimum standard for deprivation of a constitutional right. *Ross v. Kelly*, 784 F.Supp. 35, 44–45 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir.1992), *cert. denied*, 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992). *See also McCloud v. Delaney*, 677 F.Supp. 230, 232 (S.D.N.Y. 1988) (complaint must allege more than malpractice).[1]

■ Plaintiff's other factual contention, however, states a potentially viable claim for deliberate indifference. On the facts alleged, plaintiff suffered a potentially disabling arm injury in March 1999; an orthopedic surgeon diagnosed the problem definitively and stated that surgery was needed in January 2000 (ten months later); but the surgery was not performed until February 2001 (a year and more after that). While plaintiff's condition was never life-threatening, he alleges that he has been left with a severe disability (inability to lift his right arm) and permanent pain because his surgery was delayed.[2] Reading the complaint most charitably to the pro se plaintiff, he claims that Dr.

---

1.  Plaintiff does not have a common law malpractice claim against an agent of the State. *Ruffin v. Deperio*, 97 F.Supp.2d 346, 356 (W.D.N.Y.2000) (common law medical malpractice claim barred by Eleventh Amendment).

2.  Plaintiff also alleges that his physical therapy was discontinued prematurely, but it is disingenuous of the Attorney General to argue that this is the gravamen of his claim of deliberate indifference. Plaintiff alleges that,

at the time physical therapy was discontinued, the condition of his shoulder and arm had not improved—a contention from which one might infer that therapy was discontinued because it was ineffective. In any event, as the Attorney General notes, plaintiff does not allege that Schwartz (or any named defendant) ordered the cessation of his physical therapy, which suggests to me that it is not the basis for his claim.

Schwartz's refusal to schedule surgery in a timely manner, knowing (as an orthopedic surgeon would) that extended delay in repairing his tendons would lessen his chance for recovery, constituted deliberate indifference to a serious medical condition. I cannot dismiss this aspect of plaintiff's claim against Schwartz on a pre-answer motion. It is true, as the Attorney General asserts, that plaintiff "does not establish deliberate indifference on his part due to the surgery;" but a plaintiff does not need to *establish* anything at all in a pleading; he needs only plead a claim that would be viable if the facts held up. This much plaintiff has done.

 I cannot dismiss this aspect of plaintiff's deliberate indifference claim on the ground of qualified immunity, either. Qualified immunity is available to a public official whose conduct "does not violate a clearly established statutory or constitutional right." *Richardson v. Selsky,* 5 F.3d 616, 621 (2d Cir.1993). A prisoner's Eighth Amendment right to be free from deliberate indifference to his serious medical needs is quite clearly established and has been for some time. No doctor could possibly believe that deliberate indifference to a patient's serious medical problem did not violate the Eighth Amendment.

If, as plaintiff alleges, Dr. Schwartz deliberately failed to schedule him for needed surgery for almost two years, well knowing that excessive delay could mean permanent disability, then he violated a clearly established constitutional right. Contrary to the Attorney General's argument, the issue at bar has nothing to do with the disagreement between plaintiff and Schwartz over how the surgery was performed; it has only to do with whether the surgeon failed to schedule the operation, knowing it had to happen and the consequences of delay, in disregard of plaintiff's right to adequate medical care. Qualified immunity for such conduct is not available as a matter of law. If, after discovery, it is clear that defendant did not engage in such misconduct, then he will have no need of qualified immunity, because he did not violate any of plaintiff's established constitutional rights. *Stephenson v. Doe,* 332 F.3d 68, 77–78 (2d Cir.2003).

To recapitulate: plaintiff's § 1983 claim is dismissed as against defendants Silver and Koenigsmann. His § 1983 claim against Dr. Schwartz is dismissed to the extent that it alleges medical malpractice, but is not dismissed to the extent that it alleges that Dr. Schwartz's failure to schedule plaintiff for surgery until almost two years after his injury constitutes deliberate indifference to his serious medical needs.