David **BENJAMIN**, Plaintiff,

v.

John A. **GALENO**, Associate Orthopedist, Stephen Schwartz, Orthopedic -Surgeon, Defendants.

Nos. 02 CV 6227(CM), 03 CV 825(CM).

United States District Court,
S.D. New York.

Nov. 3, 2005.

David Benjamin, Stormville, NY, Pro se.

Samantha E. Quinn, Schiavetti, Geisler et al., Jeffrey P. Metzler, New York State Office of the Attorney General, New York City, for Defendants.

## DECISION GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

MCMAHON, District Judge.

Plaintiff, a prisoner at Green Haven Correctional Facility (and a gynecologist by profession), suffered an injury to his right shoulder in an altercation with a corrections officer on March 24, 1999. Following the injury, he could not raise or stretch his right. arm. Benjamin commenced this prisoner's § 1983 action against various physicians who provided

services for the Green Haven facility, alleging that they violated his Eight amendment rights, based upon their alleged deliberate indifference to his serious medical needs.

■ In two decisions, dated January 8, 2004 and November 17, 2004, the Court dismissed the § 1983 claims against Drs. Lester Silver, Carl Koeningsmannn and Jonathan Holder. I also dismissed a portion of the § 1983 claims (those sounding in malpractice and negligence) against Dr. Schwartz. To the extent plaintiff's complaint asserts malpractice and negligence claims against Dr. Galeno, those claims are dismissed. Malpractice claims cannot be brought under Section 1983, because they sound in negligence, and mere negligence does not rise to the level of a constitutional tort. *See Ross v. Kelly,* 784 F.Supp. 35, 44–45 (W.D.N.Y.1992), *aff'd,* 970 F.2d 896 (2d Cir.1992), *cert. denied,* 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992). *See also McCloud v. Delaney,* 677 F.Supp. 230, 232 (S.D.N.Y.1988) (complaint must allege more than malpractice).

Therefore, the only remaining claims in this case are those against Drs. Schwartz and Galeno, for deliberate indifference.

Defendants Galeno and Schwartz have filed motions for summary judgment, pursuant to Rule 56(b) of the Fed.R.Civ.P. They argue that there are no issues of material fact concerning them and that they are entitled to judgment as a matter of law, because: (1) defendants were not deliberately indifferent to plaintiff's serious medical needs; (2) defendants are shielded from liability by the doctrine of qualified immunity; (3) the Court lacks subject matter jurisdiction over plaintiff's negligence claims; and (4) the Eleventh Amendment bars plaintiff's claims for monetary damages against the defendants in their official capacity. Plaintiff, *pro se,* has filed papers opposing the motion. I

have construed those papers liberally in his favor.

*Summary Judgment Standard*

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Whether any disputed issue of fact exists is for the Court to determine. *Balderman v. United States Veterans Admin.,* 870 F.2d 57, 60 (2d Cir.1989).

The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). Moreover, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Finally, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co.,* 475 U.S. at 586, 106 S.Ct.

1348. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.

Both defendants filed statements of undisputed fact pursuant to Local Rule 56.1. Plaintiff did not file a counter statement or dispute the facts in defendants' statements in the proper manner. I choose to overlook this procedural flaw in favor of a disposition on the merits, and so I treat plaintiff's affirmation as a Rule 56.1 statement.

*Plaintiff's Interaction with Dr. Galeno*

Although plaintiff suffered an injury to his right shoulder during an altercation with corrections officers on March 24, 1999, his first visit with Dr. Galeno took place on April 12, 1999. During that initial visit, plaintiff did not complain of a shoulder injury. Indeed, plaintiff's first two visits with Galeno involved orthopedic conditions unrelated to plaintiff's shoulder problems, including bilateral wrist swelling, right knee pain and swelling, as well as spondylodesis and spinal stenosis. (*See* Galeno Aff. ¶ 6; NYSDOC Request and Report of Consultation ("RRC"), dated January 26, 1999 and April 12, 1999). Plaintiff first complained to Dr. Galeno that his shoulder was bothering him during a consultation for plaintiff's right knee, on May 17, 1999. Galeno recommended that plaintiff have an MRI taken of his shoulder. (*See* Galeno Aff., ¶ 6; NYSDOCS RRC dated April 13, 1999 and May 17, 1999). Although there was an apparent delay in taking the MRI, plaintiff does not contend that Galeno was responsible for that delay. (Plaintiff's Aff. At 3).

A follow-up examination was scheduled on July 12, 1999, for Dr. Galeno to examine plaintiff's chronic knee pain and right shoulder pain. However, since there had not yet been an MRI of defendant's shoulder, Dr. Galeno focused solely on plaintiff's right knee condition. After examining plaintiff's right knee and viewing the MRI of the knee, Dr. Galeno recommended arthroscopic knee surgery. (*See* Galeno Aff., ¶ 8; NYSDOCS RRC dated September 21, 1999).

Plaintiff paid one last visit to Dr. Galeno on October 18, 1999, for another follow-up examination of his right knee, possible derangement of the left knee and his complaint of chronic knee pain. During this visit, Dr. Galeno reviewed the MRI results of plaintiff's right shoulder and made an entry in plaintiff's medical record asking for review and further action by his primary medical provider at Green Haven. (*See* Galeno Aff., ¶ 8; NYSDOCS RRC dated September 21, 1999 and October 18, 1999). Plaintiff was never referred to Dr. Galeno again. (Galeno Aff. ¶ 8–9).

Plaintiff contends that, after reviewing the MRI of his right shoulder, Galeno should have become aware that plaintiff had a serious injury that required surgical intervention. (Plaintiff's Aff. at 3).

*Plaintiff's Interaction with Dr. Schwartz*

Dr. Schwartz first examined plaintiff on January 19, 2000. The consultation was scheduled to assess plaintiff's multiple orthopedic conditions, including diffuse degenerative joint disease, the recent MRI taken of plaintiff's left knee, and plaintiff's status post-MRI of his right shoulder and right knee. Dr. Schwartz opined that plaintiff's multiple medical maladies had to be evaluated one at a time, which was also the opinion of the medical staff at Green Haven. (Schwartz Aff., ¶ 5; NYSDOCS RRC dated December 2, 1999 and January 19, 2000). Indeed, during the January 19, 2000 visit, Dr. Schwartz mainly dealt with plaintiff's foot problem, which was the most serious condition bothering him at that time; plaintiff complained that his

foot was causing him acute pain, which restricted the foot's range of motion. Accordingly, Dr. Schwartz did not fully evaluate plaintiff's back, right shoulder or knees during this first visit. *Id.* Dr. Schwartz recommended that an x-ray be taken of plaintiff's foot and suggested that non-surgical procedures be utilized to relieve the pain; the doctor did not believe plaintiff was a good candidate for surgical intervention. *Id.*

Dr. Schwartz next examined plaintiff on November 7, 2000. The medical staff at Green Haven made the referral for the specific purpose of evaluating plaintiff for possible surgery on his right shoulder. After reviewing plaintiff's history for the first time, evaluating the results of the MRI, and conducting a physical examination of the right shoulder, Dr. Schwartz recommended open rotator cuff repair through surgical intervention. (Schwartz Aff., ¶ 6; NYSDOCS RRC dated October 13, 2000 and November 7, 2000). On February 1, 2001, Schwartz performed surgery on plaintiff's right shoulder and the rotor cuff was repaired. The three month delay between Schwartz's surgical recommendation and the actual surgery was due to concerns by the anesthesiologist over plaintiff's pulmonary health. (Schwartz Aff., ¶ 8; Operative Report dated February 1, 2001).

*Deliberate Indifference to a Serious Medical Need*

■ To state a claim under § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, plaintiff must show that the defendants acted with "deliberate indifference to his serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Harrison v. Barkley,* 219 F.3d 132, 136 (2d Cir.2000). A serious medical need is "a condition of urgency, one that may produce death, degeneration, or extreme

pain." *See Morales v. Mackalm,* 278 F.3d 126, 132 (2d Cir.2002). This standard incorporates both objective and subjective elements. The objective "medical need" element measures the severity of the alleged deprivation, while the subjective "deliberate indifference" element ensures that the defendant prison official acted with a sufficiently culpable state of mind. *See id.; Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996).

■ "Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter,* 316 F.3d 178, 184 (2d Cir.2003), citing, *Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285; *Snipes v. DeTella,* 95 F.3d 586, 590–91, (7th Cir. 1996), cert. denied, 519 U.S. 1126, 117 S.Ct. 980, 136 L.Ed.2d 863 (1997). The Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. *Estelle,* 429 U.S. at 105, 97 S.Ct. 285. " 'Because society does not expect that prisoners will have unqualified access to health care,' a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care." *Smith v. Carpenter,* 316 F.3d at 184 (quoting *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)); *see also Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (not all claims of inadequate medical care are "constitutionally cognizable"). The serious illness or injury standard contemplates a condition of urgency, that is one that may produce death, degeneration, or extreme pain. *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994), cert. denied, 513 U.S. 1154, 115 S.Ct. 1108,

130 L.Ed.2d 1074 (1995), quoting *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting).

■ Allegations of mere negligence are not sufficient to state a valid Eighth Amendment Claim. *Hayes v. New York City Dep't of Corr.,* 84 F.3d 614, 620 (2d Cir.1996); *see e.g., Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (noting that mere negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim and emphasizing that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"). "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety,'" *Chance,* 143 F.3d at 702 (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); a state of mind "equivalent to the familiar standard of 'recklessness' as used in criminal law." *Phelps v. Kapnolas,* 308 F.3d 180, 186 (2d Cir.2002) (per curiam).

Benjamin's claims do not survive the test for "deliberate indifference."

■ Aside from plaintiff's conclusory allegations, there is no proof in the record that plaintiff's rotator cuff injury was a serious medical condition, i.e., a condition of urgency that is life threatening, degenerative or causing him extreme pain. Nowhere in plaintiff's voluminous prison medical records is there an indication that the defendants or the medical staff at Green Haven were of the opinion that defendant's rotator cuff injury demanded immediate attention. Nothing in the records suggests that any delay between diagnosis and surgery resulted in degeneration of the injury or caused plaintiff severe pain.

That said, the Court cannot ignore the fact that defendant says he experienced extreme pain. An individual who says he experienced pain is certainly qualified to testify to that fact. Therefore, when *pro se* plaintiff alleges that his shoulder caused him extreme pain during the period he says defendant's failed to treat his injury, he has effectively raised a disputed issue of fact, albeit a tenuous one, as to the objective prong—whether he labored under a serious medical condition.

However, plaintiff has failed to raise an issue of fact with respect to the subjective element-whether defendants knew of and consciously disregarded an excessive risk to plaintiff's health. On this, the record incontrovertible. Plaintiff's voluminous prison medical records make clear that plaintiff was well attended to for his multiple medical conditions, including his right shoulder problem. Plaintiff provides no evidence that Drs. Galeno and Schwartz knew that the course of treatment prescribed for plaintiff's multiple medical conditions, including his right shoulder, would be ineffective or would cause harmful effects. Instead, plaintiff argues generally that all of the doctors involved in treating him, including Drs. Galeno and Schwartz, acted recklessly "as incompetent [m]edical [d]octors." (Plaintiff Aff. at 5)

Plaintiff sole complaint with Dr. Galeno is that he failed to recommend him for surgery after reviewing the MRI of plaintiff's right shoulder on October 18, 1999; "He should become known as [an] incompetent surgeon." Plaintiff accuses Dr. Galeno of "trying to escape his guilt of doing an incompetent job." *Id.* at 9.

Plaintiff's complaint with Dr. Schwartz is that the doctor failed to diagnose plaintiff's shoulder injury at the initial consult on January 19, 2000. (Plaintiff Aff. at 3). Plaintiff argues that Schwartz was obliged to completely examine plaintiff during that first visit to determine which medical condition needed immediate attention. *Id.* at 3. This was the consult where plaintiff complained that his foot was causing him

acute pain and that he had a reduced range of motion in the foot. Based on plaintiff's complaints, Schwartz decided to treat plaintiff for the foot injury, first, recommending that an x-ray be taken and non-surgical procedures be utilized to relieve the pain. (Schwartz Aff., ¶ 5; NYS-DOCS RRC dated December 2, 1999 and January 19, 2000). Whether plaintiff's shoulder condition should have been treated ahead of his foot condition is exactly the sort of medical decision that courts are not permitted to second guess.

Plaintiff also argues that the delay in not being seen by Dr. Schwartz for another nine months (until the November 7 consult) is due to the incompetent actions of Drs. Galeno, Schwartz and Silver. And he asserts that there should have been better communications among his doctors in order to "clarify [any] misunderstanding between each other." *Id.* at 9. He suggests that all of the doctors treating him "were guilty of incompetent acts of delaying further and further until finally [it] was too late to do the right procedure in [the] right time." *Id.* at 11.

Plaintiff concludes that "to treat injuries of an inmate inadequately or incompetently can constitutes deliberate indifference." *Id.* at 11. But incompetent medical care only gives rise to a claim of negligence, and in order to establish deliberate indifference, a plaintiff must prove intentional wrong doing or a total lack of concern on the part of defendants with plaintiff's well being. *See Estelle v. Gamble*, 429 U.S. 97 at 105–106, 97 S.Ct. 285, 50 L.Ed.2d 251 (a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment; a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs); *Farmer v. Brennan*, 511 U.S. 825 at 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 ("We hold ... that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir.2000) ("Mere medical malpractice' is not tantamount to deliberate indifference, but it may rise to the level of deliberate indifference when it involves culpable recklessness, i.e., an act or a failure to act ... that evinces a conscious disregard of a substantial risk of serious harm.").

The record here is clear that both Dr. Galeno and Dr. Schwartz showed concern for plaintiff's well being-including a concern for the treatment of plaintiff's injured shoulder. There is no evidence of culpable recklessness on the part of either doctor. *See Farmer v. Brennan*, 511 U.S. 825 at 839–40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (deliberate indifference element is equivalent to the familiar standard of "recklessness" as used in criminal law); *Phelps v. Kapnolas*, 308 F.3d 180 at 186 (Same). Accordingly, plaintiff's claims against Drs. Galeno and Dr. Schwartz for deliberate indifference to a serious medical need are dismissed.

Defendants Drs. Galeno and Schwartz's motions for summary judgment are granted. Since Drs. Galeno and Schwartz were the only two remaining defendants in these matters, both dockets 02 CV 6227 and 03 CV 825 are hereby closed.

This constitutes the decision and order of the Court.